UNITED STATES of America, Appellee,

v.

Carlos CRUZ and Luis Olivier,
Defendants–Appellants.

Nos. 249, 264, Dockets 89–1200, 89–1236.

United States Court of Appeals,
Second Circuit.

Argued Nov. 2, 1989.

Decided Jan. 9, 1990.

**42**

Abraham L. Clott (The Legal Aid Soc., Federal Defender Services Appeals Unit, New York City of counsel), for defendant-appellant Olivier.

Alexandra Rebay, Asst. U.S. Atty., New York City (Benito Romano, U.S. Atty. for the S.D.N.Y., Vincent L. Briccetti, Asst. U.S. Atty., of counsel), for appellee.

Philip Katowitz, Brooklyn, N.Y., for defendant-appellant Cruz.

Before MINER and MAHONEY, Circuit Judges, and CARMAN, Judge.[*]

MINER, Circuit Judge:

This appeal involves the exclusion of two pieces of evidence from a drug distribution and conspiracy trial. On February 2, 1989, defendant-appellant Luis Olivier was convicted, with Carlos Cruz[1], of one count of conspiracy to distribute over 500 grams of cocaine, in violation of 21 U.S.C. § 846 (1982), and one count of possession of over 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) (1982 & Supp. V 1987), and 18 U.S.C. § 2 (1982).

On appeal, Olivier argues that he was denied a fair trial because the district court improperly excluded a sentencing transcript from an earlier case in another court revealing the court's finding that a government informant, a witness against Olivier in this case, was not credible. Olivier also contends that he was denied a fair trial by reason of the exclusion of inconsistent versions of the investigation report of his arrest. For reasons that follow, we affirm.

## BACKGROUND

On July 27, 1988, Olivier offered to sell one kilogram of cocaine to Mario Perez for $20,000. Two Drug Enforcement Administration agents, Geisel and Hunt, observed Olivier talking to Perez, who was their informant. Perez and Olivier had been introduced earlier by another confidential informant. Olivier brought Perez into an apartment on West 162d Street, New York City, where Cruz was waiting with the cocaine. Cruz handed the package containing cocaine to Olivier, who then gave it to Perez. Perez signaled the agents that the sale was consummated, and Olivier and Cruz then were arrested.

Prior to trial, Olivier sought a ruling on his proposal to offer in evidence transcripts from a sentencing hearing conducted by Judge Edward R. Korman, United States District Judge for the Eastern District of New York, in another drug case. Judge Korman concluded that Perez' testimony regarding his conversation with the defendant being sentenced in that case was not credible. *United States v. Bisbicus*, No. 87 Cr. 497(S) (E.D.N.Y. May 24 & June 17, 1988). The district court in Olivier's case refused to admit the transcript, either as direct evidence or for purposes of cross-examining Perez, declaring that "it would be a grossly improper and a terrible abuse of my discretion and it would indicate a complete lack of knowledge of the rules of evidence to permit any cross-examination of Perez" based on the transcript.

At trial, Olivier sought to introduce two versions of the investigation report of the arrest, prepared by agent Geisel, which suggested the existence of a second informant. In the second version, paragraph 3 of the report had been altered so that the

---

[*] Hon. Gregory W. Carman, Judge, United States Court of International Trade, sitting by designation.

1. Cruz' Criminal Justice Act appellate counsel filed an *Anders* brief, requesting to be excused from this appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Cruz moved to withdraw this *Anders* brief and for an adjournment of his appeal while he obtained new counsel. Upon the filing of the *Anders* brief, the government moved for a summary affirmance of the conviction. We granted counsel's request to withdraw and Cruz' request for an adjournment, and we denied the government's motion for summary affirmance of the conviction.

word "other" was deleted and the version read: "the SCI [Perez] told S/A Hunt that the —— SCI was inside [the] apartment. . . ." The government neither produced the second informant nor sought to introduce either version of the report. Olivier proposed to introduce the inconsistent versions of the report when he cross-examined Geisel. He argued that the two versions of the report were not hearsay because they were being admitted solely as proof of government fabrication and not for the truth of the matters asserted therein. *See* Fed.R. Evid. 801(c). He asserted that the two versions were admissible under the business records exception to the hearsay rule. *See id.* Rule 803(6). He also contended that they were not hearsay because they were prior inconsistent statements of Geisel and Hunt. *See id.* Rules 801(d)(1), 613(b). The court excluded these versions of the report as unsworn, prior inconsistent statements which contained double hearsay. *See id.* Rules 801(d)(1)(A), 805. Olivier, in his cross-examination of Geisel, did raise the issue of the alteration of the report, referring directly to the deletion of the word "other," but was not permitted to introduce the report or elicit testimony as to the significance of the alteration. Olivier unsuccessfully moved for a mistrial. The jury convicted Olivier, and the court sentenced him to a term of imprisonment of 78 months, concurrently on each count, plus supervised release for five years, and a $100 special assessment.

On appeal, Olivier contends that the sentencing transcript is admissible under Fed. R.Evid. 608(b) for purposes of cross-examination because it is probative of Perez' untruthful character. He also asserts that the inconsistent versions of the investigation report are admissible, in addition to the grounds raised in the district court, as public records, *see* Fed.R.Evid. 803(8), as admissions by a party-opponent or its agent, *see id.* Rule 801(d)(2)(B), and as material used by Geisel to refresh his recollection, *see id.* Rule 612.

## DISCUSSION

■ Olivier contends that Rule 608(b) allows him to use the transcript of the sentencing proceeding before Judge Korman in *Bisbicus* to cross-examine Perez because that transcript shows a specific instance of Perez' conduct concerning his untruthful character. He contends that the district court refused to allow this line of cross-examination and rejected the transcript, not because the court exercised its discretion in an evidentiary matter, but because the court erroneously believed that it lacked the power to permit the line of inquiry.

Under Rule 608(b), the court has discretion to permit or deny a line of inquiry on cross-examination. *United States v. Pedroza,* 750 F.2d 187, 195 (2d Cir.1984), *cert. denied,* 479 U.S. 842, 107 S.Ct. 151, 93 L.Ed.2d 92 (1986). "A trial judge abuses his discretion in curtailing cross-examination of a government witness when the curtailment denies the jury 'sufficient information to make a discriminating appraisal of the particular witness's possible motives for testifying falsely in favor of the government.'" *United States v. Blanco,* 861 F.2d 773, 781 (2d Cir.1988) (quoting *United States v. Singh,* 628 F.2d 758, 763 (2d Cir.), *cert. denied,* 449 U.S. 1034, 101 S.Ct. 609, 66 L.Ed.2d 496 (1980)), *cert. denied,* —— U.S. ——, 109 S.Ct. 1139, 103 L.Ed.2d 200 (1989). A party whose cross-examination of a witness is restricted must "make all reasonable efforts to alert the court to the relevance and importance of the proposed questions." *Jones v. Berry,* 880 F.2d 670, 673 (2d Cir.1989).

The transcript in *Bisbicus* reflects only a finding that Perez lacked credibility as to his testimony in that case, not that he was lacking in veracity generally. In the absence of any connection between the subject of Perez' testimony in *Bisbicus* and his testimony in the case at bar, it cannot be said that Judge Korman's finding as to the former is relevant in any way to a resolution of the issues in Olivier's case. The district court was within its discretion in refusing to admit the transcript.

■ Olivier offers several hearsay exceptions and other evidentiary rules that he contends permit the admission of the inconsistent versions of the investigation report.

Among these are several grounds for admissibility not raised in the district court. Olivier argues here for the first time that the reports are public records, party-opponent admissions, and materials used to refresh a witness's recollection. "Unless the basis for proposed admission is obvious, it is the burden of counsel who seeks admission to alert the court to the legal basis for his proffer." *United States v. Pugliese*, 712 F.2d 1574, 1580 (2d Cir.1983). Since the bases for admissibility Olivier now urges are not obvious from the record, and the burden of alerting the district court was not met, the contentions raised here for the first time have been waived. Moreover, none of these grounds for admissibility apply here, and if error occurred in excluding the reports, the error was harmless.

■ The remaining grounds—that the reports are admissible as proof of government fabrication, as prior inconsistent statements, and as business records—are without merit. Regardless of the evidentiary rule invoked to assert the admissibility of the reports, the reports contain multiple hearsay and cannot be admitted under any exception to the hearsay rule. Whether the investigation reports are public or business records, prior inconsistent statements, or proof of fabrication, the reports remain inadmissible because Geisel's recording of what Hunt told him Perez said constitutes multiple hearsay. *See* 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 805[01], at 805-5 (1988). Each hearsay statement within multiple hearsay statements must have a hearsay exception in order to be admissible. Fed.R.Evid. 805; *see Felice v. Long Island R.R.*, 426 F.2d 192, 197 (2d Cir.), *cert. denied*, 400 U.S. 820, 91 S.Ct. 37, 27 L.Ed.2d 47 (1970). The district court correctly refused to receive the two versions of the report into evidence in the absence of a showing that they fit within the hearsay within hearsay exception.

## CONCLUSION

The district court properly exercised its discretion in excluding the sentencing tran-script. The investigation reports contained multiple hearsay. These reports were thus properly excluded from Olivier's trial. The judgment is affirmed.