UNITED STATES of America,
Appellee,

v.

Jorge CEDEÑO, a/k/a Miguel, Angel Diaz, a/k/a Pete, Rafael Rodriguez, a/k/a Dance, Victor Diaz, a/k/a Gago, Defendants–Appellants,

German Cuadrado, a/k/a Geraldo, Jorge Flores, Juan Camacho, Saile Parra, Plutarco Angulo–Aguirre, a/k/a Matatan, a/k/a Platano, Defendants.*

Docket Nos. 09–1857–cr(L), 09–1908–cr(con), 09–1909–cr(con), 09–2096–cr(con).

United States Court of Appeals, Second Circuit.

Argued: March 23, 2011.

Decided: May 2, 2011.

---

* Plutarco Angulo–Aguirre withdrew his appeal (No. 09–3678–cr) on March 5, 2010. The Clerk of Court is respectfully instructed to amend the official case caption as shown above.

Clinton W. Calhoun III, Calhoun & Lawrence, LLP, White Plains, NY, for Defendant–Appellant Jorge Cedeño.

Michael A. Levy, Assistant United States Attorney (Nola B. Heller, Assistant United States Attorney, on the brief), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY for Appellee.

Before: JACOBS, Chief Judge, and CALABRESI and CHIN, Circuit Judges.

CHIN, Circuit Judge:

In this case, defendant-appellant Jorge Cedeño was convicted of kidnapping, robbery, and related crimes. He was sentenced principally to 319 months' impris-

onment. On appeal, he argues that the district court improperly limited cross-examination of a government witness at trial by barring his use of a state court's finding that the witness had given false testimony in a prior judicial proceeding. We conclude that the district court's evidentiary ruling was erroneous, but find that the error was harmless. Accordingly, we affirm.[1]

## BACKGROUND

Before trial in this case, the government moved *in limine* to preclude the defense from cross-examining one of its witnesses, Detective Robert Goldrick, about a prior adverse credibility finding made by the Appellate Division of the Supreme Court of New York. In 1990, the Appellate Division refused to credit Goldrick's testimony at a suppression hearing because it concluded that he had "patently tailored" his testimony to avoid suppression of evidence discovered at a traffic stop. *People v. Miret–Gonzalez*, 159 A.D.2d 647, 649–50, 552 N.Y.S.2d 958 (2d Dep't 1990). In other words, the Appellate Division found that Goldrick had lied.

The district court granted the government's motion, holding as follows:

> The Appellate Division's adverse credibility finding reflects only a finding that Detective Goldrick "lacked credibility as to his testimony in that case, not that he was lacking in veracity generally." *See United States v. Cruz*, 894 F.2d 41[, 43] (2d Cir.1990). Detective Goldrick will not be testifying *before the jury* about the constitutionality of a search, the issue before the Appellate Division. In the absence of any connection between the finding of tailoring in the case before the Appellate Division and his purported

testimony in the case at bar, it cannot be said that [the] Appellate Division['] finding is relevant to the detective['] testimony in the present case. *See Cruz*, 894 F.2d at 42–43.

*United States v. Angulo–Aguirre*, No. 07 Cr. 387, at *13 (S.D.N.Y. May 9, 2008) (footnote omitted).

Notwithstanding its ruling on the government's motion, the district court allowed Cedeño's co-defendant to cross-examine Goldrick regarding the same credibility finding at a pretrial suppression hearing, on grounds that the co-defendant had raised Fourth Amendment objections "similar in nature" to the objections raised by the defendant in *Miret–Gonzalez*. *See id.* at *13 n. 1.

Cedeño was tried, convicted, and sentenced. This appeal followed.

## DISCUSSION

We review a trial court's decision to limit the scope of cross-examination for abuse of discretion. *United States v. Figueroa*, 548 F.3d 222, 226 (2d Cir.2008). A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 226 (internal quotation marks omitted). Even if a reviewing court finds error, a new trial is not required if the error was harmless. *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *see also United States v. Paulino*, 445 F.3d 211, 219 (2d Cir.2006).

---

1. In a summary order also filed today, we address the remaining issues raised by Cede-ño and his co-defendants-appellants, Angel Diaz, Rafael Rodriguez, and Victor Diaz.

In granting the government's motion *in limine,* the district court relied exclusively on *Cruz* as it considered only the two issues discussed there: (1) whether the prior judicial finding addressed the witness's veracity in that specific case or generally; and (2) whether the two sets of testimony involved similar subject matter. *Cruz,* 894 F.2d at 43. We conclude that the district court's inquiry was too narrow.

First, in *Cruz* we did not purport to set out a rigid two-part test, and, in fact, we did not do so. *See id.* We held that the trial court acted "within its discretion" in refusing to admit the transcript of a prior proceeding in a different court where a different judge had found the witness not credible. *Id.* We noted that the prior court found that the witness was lacking credibility only in the prior case and not in general, and that there was no connection between the testimonies in the two cases. *Id.* We did not hold or suggest, however, that these were the only factors to be considered or that they were determinative factors. *See United States v. Nelson,* 365 F.Supp.2d 381, 387–88 & 388 n. 2 (S.D.N.Y.2005) (discussing *Cruz* and concluding two considerations were discretionary factors). *Cruz* held that consideration of these two factors was sufficient to avoid a finding of abuse of discretion on the particular facts of that case only; it did not hold that consideration of these two factors is sufficient to avoid such a finding in all cases. Indeed, it is not.

Second, as we noted in *Cruz,* Rule 608(b) of the Federal Rules of Evidence vests the district courts with discretion to permit cross-examination into "specific instances of conduct" if the conduct is "probative of [that witness's character for] truthfulness or untruthfulness." Fed. R.Evid. 608(b), *cited in Cruz,* 894 F.2d at

43.[2] While a district court may impose "reasonable limits" on cross-examination to protect against, e.g., harassment, prejudice, confusion, and waste, *Van Arsdall,* 475 U.S. at 679, 106 S.Ct. 1431, it must also give "wide latitude" to a defendant in a criminal case to cross-examine government witnesses, *see United States v. Weiss,* 930 F.2d 185, 197 (2d Cir.1991) (citing *United States v. Pedroza,* 750 F.2d 187, 195 (2d Cir.1984)). A rigid application of *Cruz* could unduly circumscribe both a trial court's discretion in a manner "contrary to the plain meaning of Rule 608(b)(1)," *United States v. Brown,* 69 F.Supp.2d 518, 519 n. 1 (S.D.N.Y.1999), and a defendant's right under the Confrontation Clause to an effective cross-examination.

Third, this Court has previously upheld a district court's ruling that a witness could be cross-examined based on "prior occasions when his testimony in other cases had been criticized by [a] court as unworthy of belief." *United States v. Terry,* 702 F.2d 299, 316 (2d Cir.1983). In *Terry,* we held that: "Proof that a judge ... before whom [the witness] had testified ... had found that [the witness] had 'guessed under oath' was probative of the weight to be accorded his testimony." *Id.* *See also United States v. Whitmore,* 359 F.3d 609, 619 (D.C.Cir.2004) ("Nothing could be more probative of a witness's character for untruthfulness than evidence that the witness has previously lied under oath."); *United States v. Schatzle,* 901 F.2d 252, 255 (2d Cir.1990) (finding witness's omission of prior arrest from bar application "relevant to [the witness's] capacity for truthfulness"); *United States v. Bagaric,* 706 F.2d 42, 65 (2d Cir.1983) (upholding ruling permitting cross-exami-

2. Rule 608(b) provides, however, that "extrinsic evidence" may not be used to prove the "specific instances" of conduct. Fed.R.Evid. 608(b).

nation of defendant at trial based upon finding by immigration judge that defendant's testimony in prior deportation proceeding was "not credible"), *overruled on other grounds by NOW, Inc. v. Scheidler,* 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).

 We hold that the district court erred in limiting its analysis to the two factors discussed in *Cruz* without considering other factors affecting the probity and relevancy of a prior court's finding that a witness had lied.[3] The district court could have also considered, for example: (1) whether the lie was under oath in a judicial proceeding or was made in a less formal context; (2) whether the lie was about a matter that was significant; (3) how much time had elapsed since the lie was told and whether there had been any intervening credibility determination regarding the witness; (4) the apparent motive for the lie and whether a similar motive existed in the current proceeding; and (5) whether the witness offered an explanation for the lie and, if so, whether the explanation was plausible. *See, e.g., United States v. Dawson,* 434 F.3d 956, 959 (7th Cir.2006), *aff'g on reh'g,* 425 F.3d 389 (7th Cir.2005); *Whitmore,* 359 F.3d at 619; *Hynes v. Coughlin,* 79 F.3d 285, 293–94 (2d Cir.1996); *Terry,* 702 F.2d at 316. Here, for example, the Appellate Division found that Goldrick expressly contradicted an incident report he wrote on the day of the arrest and that his effort to explain the contradiction was "unconvinc[ing]." *Miret–Gonzalez,* 159 A.D.2d at 648–50, 552 N.Y.S.2d 958. Indeed, the district court felt that the prior judicial finding was sufficiently relevant to permit cross-examination on this basis at the suppression hearing.

 Although we conclude that the district court committed error, we find also that the error was harmless. At trial, Goldrick testified primarily about the arrest of two co-conspirators and the discovery of incriminating evidence during their arrest, and mentioned in passing the police's non-custodial questioning of Cedeño. Other officers fully corroborated Goldrick's testimony. Because the error was harmless, the district court did not commit reversible error. *See Paulino,* 445 F.3d at 219.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

3. At oral argument, the government raised the question of whether past judicial credibility determinations are inadmissible hearsay. It did not raise this question in earlier briefing. Accordingly, we treat the argument as forfeited and do not discuss it further. *See Warren v. Garvin,* 219 F.3d 111, 113 n. 2 (2d Cir. 2000) (declining to address an issue first raised at oral argument).