12-412-cr
United States v. Dixon

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand thirteen.

PRESENT:   PIERRE N. LEVAL,
           REENA RAGGI,
           DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

--------------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                *Appellee*,

              v.                                    No. 12-412-cr

LUTHER DIXON,
                *Defendant-Appellant*.
--------------------------------------------------------------------------------

APPEARING FOR APPELLANT:      JEFFREY L. CICCONE (Jay S. Ovsiovitch , *on the brief*), Federal Public Defender's Office, Western District of New York, Rochester, New York.

APPEARING FOR APPELLEE:       STEPHAN J. BACZYNSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 11, 2012, is AFFIRMED.

Defendant Luther Dixon appeals from a judgment of conviction, following a jury trial, for possessing crack cocaine and powder cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Dixon faults the district court's jury instructions and evidentiary rulings regarding immunized defense witness Maranda Triplett. He further complains of prosecutorial misconduct in the cross-examination of Triplett and in summation. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Jury Instructions

Dixon argues that the district court erred in instructing the jury to scrutinize Triplett's testimony with particular care based on her immunity and past drug use. We review a challenged jury instruction de novo, see United States v. Males, 459 F.3d 154, 156 (2d Cir. 2006), to determine if it "misled the jury as to the correct legal standard or did not adequately inform the jury on the law," United States v. Goldstein, 442 F.3d 777, 781 (2d Cir. 2006). We will vacate the conviction only if we identify "error [that] was prejudicial; we will not disturb the judgment if the error was harmless," i.e. "if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." Id.

Here, we identify no error in the challenged immunity instruction. The fact that Triplett testified for the defense rather than the prosecution did not eliminate the credibility concerns that attend a grant of immunity. See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("[T]estimony of certain types of witnesses may be suspect and should therefore

2

be scrutinized and weighed with care, such as . . . those who have been granted immunity . . . ."); see also United States v. Lawrence, 934 F.2d 868, 873 (7th Cir. 1991) ("Even if, as here, the testimony of an immunized witness unexpectedly runs in favor of the defense, a trial court does not abuse its discretion by advising the jury to view it with caution and great care." (internal quotation marks omitted)).  Nor did the court err in failing to tell the jury why Triplett was granted immunity.  Dixon cites no authority—and we are aware of none—requiring a trial court to provide such information to the jury.  Finally, the district court did not mislead the jury in stating that Triplett "agreed to testify," J.A. 176, as opposed to "was subpoenaed to testify."  Triplett testified that she was not "forced" to come to court, id. at 124, which suggests that she ultimately agreed to testify for Dixon.  But even assuming error in this last respect, we think it clear beyond a reasonable doubt from the totality of the evidence that the jury would have found Dixon guilty in any event.[1]

The district court also correctly instructed the jury regarding Triplett's drug use.  See United States v. Valdez, 16 F.3d 1324, 1334 (2d Cir. 1994) (stating that district court has discretion to give charge related to drug use).  Contrary to Dixon's assertions, the record reflects evidence of Triplett's admitted drug and alcohol use during the time period relevant to this case.  Indeed, she testified that, on the night she called 911 to report that Dixon had guns and drugs in his car, she was drinking.

Accordingly, we reject Dixon's jury instruction challenge as meritless.

---

[1] The government contends that Dixon's failure to object to the word "agreed" in the charge limits our review to plain error.  Because Dixon's claim fails even under de novo review, we need not reach this argument.

3

2.      Prosecutorial Misconduct

Dixon faults the prosecution for accusing Triplett on cross-examination of being a liar. He further complains that the prosecution repeated the accusation in summation, referenced Triplett's assertion of her Fifth Amendment rights, and made "factually untrue" statements. Appellant Br. 48. To warrant reversal of a conviction, prosecutorial misconduct "must be so severe and significant as to result in the denial of the[] right to a fair trial." United States v. Locascio, 6 F.3d 924, 945 (2d Cir. 1993). "In evaluating such a claim, we consider: (1) the severity of the alleged misconduct; (2) the curative measures taken; and (3) the likelihood of conviction absent any misconduct." Id. at 945–46.

While the prosecution's repeated use of the words "lie" and "liar" in cross-examining Triplett was sometimes argumentative, it was not inflammatory given Triplett's admission to numerous lies and material omissions in a case in which her credibility was a significant issue. See United States v. Coriaty, 300 F.3d 244, 255 (2d Cir. 2002) ("Use of the words 'liar' and 'lie' to characterize disputed testimony when the witness's credibility is clearly in issue is ordinarily not improper unless such use is excessive or is likely to be inflammatory." (internal quotation marks omitted)). The same conclusion obtains with respect to the government's summation argument that Triplett "lied" to law enforcement about the circumstances surrounding Dixon's arrest and was "not telling the truth" on the stand. J.A. 167. That argument was not so inflammatory that it denied defendant a fair trial. See United States v. Coriaty, 300 F.3d at 255. To the extent that Dixon suggests for the first time on appeal that the prosecutor thereby sought to substitute his assessment of Triplett's credibility

4

for that of the jury, this belated argument is unpreserved, see United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012) (applying plain-error review to argument raised for first time on appeal), and, in any event, is unpersuasive, see United States v. Walker, 191 F.3d 326, 337 (2d Cir. 1999) (identifying no reversible error where government's characterization of testimony "was fair argument, with an adequate evidentiary basis in the record").

Insofar as Dixon faults the prosecution for referencing Triplett's invocation of the Fifth Amendment, the record defeats the argument, showing that the government referenced only the fact that the it had granted Triplett immunity and that she submitted to a polygraph. This was not improper. See United States v. Natale, 526 F.2d 1160, 1172 (2d Cir. 1975) (rejecting claim of prosecutorial misconduct based on cross-examination of defense witness about immunity, stating that "fact that immunity is provided does not always imply that a Fifth Amendment refusal to testify has first occurred"). In any event, even if the prosecution had referenced Triplett's assertion of her Fifth Amendment rights, that would not have prejudiced Dixon in this case. Dixon offered Triplett's testimony to prove that the drugs found in Dixon's car were hers, not his. If that testimony were truthful, Triplett's invocation of the Fifth Amendment would have been entirely consistent with her testimony and the purpose for which Dixon offered it.

As for alleged prosecutorial misstatements during summation about Triplett's refusal to talk to law enforcement officers and about her purchase of drugs on credit, even assuming those statements were not proper argument based on the evidence, they did not deprive Dixon of a fair trial. In light of the many facts cited by the government during summation that

5

undermined Triplett's credibility, including her lack of access to Dixon's car and her post-arrest conversations with Dixon about the events surrounding his arrest, the alleged misstatements would not have altered the outcome of Dixon's trial. See United States v. Rodriguez, 968 F.2d 130, 142 (2d Cir. 1992) ("It is a rare case in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." (internal quotation marks omitted)).

3.    Evidentiary Rulings

Dixon argues that the district court erred in excluding as hearsay out-of-court statements made by Triplett after Dixon was arrested in which Triplett expressed remorse and claimed to have placed the drugs at issue in Dixon's car. We review a district court's decision to exclude a statement as hearsay for abuse of discretion, see United States v. Forrester, 60 F.3d 52, 59 (2d Cir. 1995), and we perceive no such abuse here.

The district court reasonably refused to admit the statements at issue because Triplett's purportedly remorseful state of mind after Dixon's arrest was not, by itself, relevant. See Fed. R. Evid. 401, 803(3). Insofar as the statements conveyed a factual assertion, i.e., that Triplett had put the drugs in Dixon's car, such "a statement of memory or belief to prove the fact remembered or believed" is not admissible under the federal rules. Fed. R. Evid. 803(3); see United States v. Harwood, 998 F.2d 91, 98 (2d Cir. 1993) (observing that "statement must face forward, rather than backward" to be admissible under Rule 803(3)).

6

The court likewise acted within its discretion in declining to admit Triplett's statements as substantive evidence under Rule 801(d)(1)(B) because the motive to fabricate alleged by the prosecution at trial—Triplett's feelings of guilt about reporting Dixon to the police and pressure from Dixon's family to take the blame—had already arisen at the time these statements were made. See Tome v. United States, 513 U.S. 150, 167 (1995) (holding that prior consistent statements are admissible under Rule 801(d)(1)(B) "only when those statements were made before the charged recent fabrication or improper influence or motive"); accord United States v. Caracappa, 614 F.3d 30, 39 (2d Cir. 2010).[2]  Triplett's statements also were not admissible for the limited purpose of rehabilitating her credibility, because her statements had no "'rebutting force beyond the mere fact that [Triplett] ha[d] repeated on a prior occasion [] statement[s] consistent with [her] trial testimony.'" United States v. Al-Moayad, 545 F.3d 139, 167 n.24 (2d Cir. 2008) (quoting United States v. Pierre, 781 F.2d 329, 331 (2d Cir. 1986)).

Finally, with respect to Triplett's statement contained in ATF Special Agent Hoffman's report, regardless of whether the report itself satisfied a hearsay exception,

---

[2] Insofar as Dixon argues that the statements were offered to rebut the alleged motive to fabricate arising from Triplett's immunity, the district court did not commit reversible error in excluding the statements.  Even assuming those statements were admissible under Rule 801(d)(1)(B) because they were made before the prosecution granted Triplett immunity, we would deem their exclusion harmless in light of the significant motive to fabricate that existed before Triplett made the statements and the other evidence submitted by the government undermining her credibility.  See United States v. Bautista, 252 F.3d 141, 146 (2d Cir. 2001) (holding district court error in admitting prior inconsistent statement harmless).

Triplett's statements recorded in the report constituted a second level of hearsay that, for reasons already discussed, did not fall within an exception permitting their admission. See United States v. Cruz, 894 F.2d 41, 44 (2d Cir. 1990) (holding statements recorded in report inadmissible, because "[e]ach hearsay statement within multiple hearsay statements must have a hearsay exception in order to be admissible").

We have considered Dixon's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8