11-3756 (L)
United States v. Cuti

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

R<small>ULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT</small>. C<small>ITATION TO A SUMMARY ORDER FILED</small> <small>ON OR AFTER</small> J<small>ANUARY</small> 1, 2007, <small>IS PERMITTED AND IS GOVERNED BY</small> F<small>EDERAL</small> R<small>ULE OF</small> A<small>PPELLATE</small> P<small>ROCEDURE</small> 32.1 <small>AND THIS COURT'S</small> L<small>OCAL</small> R<small>ULE</small> 32.1.1. W<small>HEN CITING A SUMMARY ORDER IN A</small> <small>DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE</small> F<small>EDERAL</small> A<small>PPENDIX OR AN</small> <small>ELECTRONIC DATABASE (WITH THE NOTATION</small> "<small>SUMMARY ORDER</small>"). A <small>PARTY CITING A SUMMARY ORDER MUST</small> <small>SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.</small>

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                       <u>Chief Judge</u>,
        JOHN M. WALKER, JR.,
                       <u>Circuit Judge</u>,
        SANDRA DAY O'CONNOR,
                       <u>Associate Justice (retired)</u>.<sup>*</sup>

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
     <u>Appellee</u>,

     -v.-                        11-3756-cr(LEAD)
                                       11-3831-cr(CON)

ANTHONY CUTI, WILLIAM TENNANT,
     <u>Defendants-Appellants</u>.
- - - - - - - - - - - - - - - - - - - - -X

---

    <sup>*</sup>  The Honorable Sandra Day O'Connor, Associate Justice (retired), of the United States Supreme Court, sitting by designation.

1

**FOR APPELLANTS:** BRIAN C. BROOK, Clinton Brook & Peed (Matthew J. Peed, Clinton Brook & Peed, on the brief; Brian D. Waller, Simon & Partners, LLP, on the brief), New York, New York, for Defendant-Appellant Anthony Cuti.

JOHN J. KENNEY (Laura B. Hoguet, Tai-Heng Cheng, Caitlin N. Bush, Damian R. Cavaleri, on the brief), Hoguet Newman Regal & Kenney, LLP, New York, New York, for Defendant-Appellant William Tennant.

**FOR APPELLEE:** SARAH E. MCCALLUM (Rebecca Monck Ricigliano, Katherine Polk Failla, on the brief), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from judgments of the United States District Court for the Southern District of New York (Batts, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court are **AFFIRMED.**

Anthony Cuti and William Tennant, two former senior executives of the New York drugstore chain, Duane Reade, appeal from the judgments of conviction of the United States District Court for the Southern District of New York (Batts, J.). Cuti, the former CEO of Duane Reade, was convicted of conspiracy to commit securities fraud, securities fraud, and making false statements to the SEC, among other things, and sentenced to three years' imprisonment, three years' supervised release, a $500 special assessment, and a $5 million fine. Tennant, the former CFO, was convicted of securities fraud and sentenced to time served, followed by three years' supervised release, as well as a $100 special assessment and a $10,000 fine.

Cuti and Tennant raise numerous issues on appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Cuti's challenge to the admission of lay opinion testimony

and Tennant's claims as to the sufficiency of evidence and the conscious avoidance charge are addressed in a separate opinion issued concurrently with this order.

**[1]** Cuti argues that the district court erred by denying Cuti's request for a Rule 17(c) subpoena to Duane Reade and Jeff Winick. We review the denial of a pretrial Rule 17(c) subpoena for abuse of discretion. United States v. Nixon, 418 U.S. 683, 702 (1974); see also United States v. Green, No. 07-3517, 2008 WL 4104220, at *1 (2d Cir. Aug. 27, 2008) (citing Nixon). Under Nixon, a party moving for a pretrial Rule 17(c) subpoena, "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." 418 U.S. at 700; see also United States v. Stein, 488 F. Supp. 2d 350, 364-65 (S.D.N.Y. 2007). The district court did not abuse its discretion in concluding that Cuti's request for a Rule 17(c) subpoena did not meet this standard.

**[2]** Cuti also claims that the district erred by limiting the cross-examination of John Henry and Jerry Ray. We review a district court's decision to limit the scope of cross-examination for abuse of discretion. United States v. Cedeño, 644 F.3d 79, 81 (2d Cir. 2011).

The Confrontation Clause protects "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." United States v. Owens, 484 U.S. 554, 559 (1988) (internal quotation marks omitted; emphasis in original). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). In determining whether the district court abused its discretion in limiting cross-examination, we must ask whether "the jury [was] in possession of facts sufficient to make a discriminating appraisal of the particular witness's credibility." United States v. Laljie, 184 F.3d 180, 192 (2d Cir. 1999) (internal quotation marks omitted).

To the extent that the district court actually limited Cuti's cross-examination of Henry and Ray, the court did so based on recognized grounds (e.g., jury confusion, marginal relevance, etc.). See Van Arsdall, 475 U.S. at 679. We

3

cannot conclude that the district court abused its discretion by imposing these limitations.

**[3]** Cuti argues that the district court erred by admitting the hearsay testimony of Cory Zelnik (allegedly recounting statements made by Winick) pursuant to Rule 801(d)(2)(E)'s coconspirator exclusion to the hearsay prohibition. We review a district court's admission of purported hearsay evidence under Rule 801(d)(2)(E) for clear error. United States v. Coppola, 671 F.3d 220, 246 (2d Cir. 2012).

To admit hearsay evidence of the statement of a coconspirator, a district court must find by a preponderance of the evidence that a conspiracy existed, that the members included the declarant and the party against whom the evidence is offered, and that the statement was made during and in furtherance of the conspiracy. Id. As an initial matter, it is not clear that Zelnik actually introduced any out-of-court statements made by Winick. A review of the record reflects that Zelnik was typically referring to his own views, or was speaking on behalf of the business entities Winick Realty Group, Danielle Equity, or Store Ops. None of Zelnik's testimony involved him introducing out-of-court statements made by Winick. In any event, even if Zelnik's testimony introduced hearsay, Cuti has not established that the district court clearly erred in finding that Cuti, Zelnik, and Winick were co-conspirators and that Winick's "statements" were made during and in furtherance of the conspiracy.

**[4]** Cuti contends that the government improperly introduced a new theory of the case during rebuttal summation. When, as here, a defendant has objected at trial, we review a claim of improper argument to the jury for prejudicial error, considering the severity of the misconduct, the curative measures adopted, and the certainty of conviction absent the misconduct. United States v. Helmsley, 941 F.2d 71, 96 (2d Cir. 1991).

Here, the statements made by the government during rebuttal summation were by way of response to statements made in closing by Cuti's counsel, and were based entirely on evidence introduced by the government at trial. Such rebuttal summation is proper. United States v. Rubinson, 543 F.2d 951, 966 (2d Cir. 1976). Even if rebuttal summation was improper in the limited respect raised by Cuti, he has not shown that it deprived him of a fair trial,

4

warranting reversal.  See United States v. Pena, 793 F.2d 486, 490 (2d Cir. 1986).

**[5]**  Finally, Cuti argues that the district court erred in imposing a $5 million fine before fixing the amount of restitution.  When, as here, no objection is made below, we review the district court's imposition of a criminal fine for plain error.  United States v. Pfaff, 619 F.3d 172, 174 (2d Cir. 2010).  Because the district court did consider restitution before imposing the fine, as required by 18 U.S.C. § 3572(a), the district court did not err, plainly or otherwise.

**[6]**  Tennant claims that he suffered prejudice when the government argued during opening and closing statements that Tennant profited from his participation in the fraud and that Oak Hill suffered some loss.  We review a claim of improper argument before the jury--where no objection was made at trial--for plain error, meaning that the error affected substantial rights and affected the outcome of the proceedings.  United States v. Williams, 690 F.3d 70, 77 (2d Cir. 2012).  We must reject Tennant's challenge unless the error "seriously affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings."  United States v. Carr, 424 F.3d 213, 227 (2d Cir. 2005) (internal quotation marks omitted).

Tennant has failed to make such a showing.  As to profit, Tennant points to statements by the government that Tennant sold his stock options for $2.9 million after participating in several of the real estate concession transactions.  These statements are supported in the record and appear accurate, despite Tennant's characterization otherwise.  And even if the statements were erroneous, Tennant does not remotely approach the steep showing of prejudice necessary under plain error review.

As to loss, Tennant points to the government's suggestion that Oak Hill relied on Duane Reade's manipulated financials in deciding whether to buy the company.  These statements bear upon the issue of materiality and are adequately supported in the record.  In any event, even if the government argued loss without factual support, Tennant has not established plain error.

**[7]**  Finally, Tennant claims that the district court erred in denying his motion to sever his trial.  A district

5

court's decision to grant or deny severance "is virtually unreviewable on appeal," and the defendant bears a very "heavy burden" to establish a "miscarriage of justice." United States v. Locascio, 6 F.3d 924, 947 (2d Cir. 1993). "[T]he burden on a defendant to establish that severance was improperly denied is not an easy one to carry," because the defendant must show "prejudice so great as to deny him a fair trial." United States v. Cardascia, 951 F.2d 474, 482 (2d Cir. 1991). Tennant has not shown that the district court's refusal to sever the trial brought about a miscarriage of justice.

Finding no merit in Cuti and Tennant's remaining arguments, we hereby **AFFIRM** the judgments of the District Court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK