United States v. FNU LNU

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fourteen.

PRESENT: DENNIS JACOBS,
CHRISTOPHER F. DRONEY,
            <u>Circuit Judges</u>,

LEWIS A. KAPLAN,
            <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        <u>Appellee</u>,

-v.-                                        13-2471

FNU LNU, AKA Oscar Mario Garcia,
        <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

---

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**                     MALVINA NATHANSON, Law Office of Malvina Nathanson, New York, New York.

**FOR APPELLEE:**                     REBECCA MERMELSTEIN (Brent S. Wible, <u>on the brief</u>), <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

The Defendant-Appellant appeals from the judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>), convicting him of: unlawful procurement of naturalization, in violation of 18 U.S.C. § 1425(a); two counts of false statement in application and use of a passport, in violation of 18 U.S.C. § 1542; and fraud and related activity in connection with identification documents, in violation of 18 U.S.C. § 1028A; and social security fraud, in violation of 42 U.S.C. § 408(a)(2). On appeal, the Appellant argues the district court erred in two of its evidentiary decisions during trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. The district court permitted the Government to introduce a witness' prior consistent statement regarding the identification of her husband's photograph prior to her testimony at trial. We review a district court's evidentiary decisions for abuse of discretion. <u>See</u> <u>United States v. Dhinsa</u>, 243 F.3d 635, 649 (2d Cir. 2001). The Appellant points out that the ruling is not supported by Federal Rule of Evidence 801(d)(1)(B), which allows a prior consistent statement to rebut a charge of fabrication or recent improper motive in testifying. The Appellant's argument, however, ignores Rule 801(d)(1)(C) which permits a witness' prior consistent statement when the declarant testifies, is subjected to cross-examination, and "identifies a person as someone the declarant perceived earlier." The witness here was subjected to cross-examination, and the prior consistent statement involved her

2

previous identification of her late husband's photograph. Such testimony falls within the hearsay exclusion of Rule 801(d)(1)(C).

2. The Appellant also argues that the district court erred in barring as hearsay his testimony about the circumstances of a family dispute which caused him to move to New York. Because the Appellant never asserted a basis for the admissibility of the testimony, we review for plain error. See United States v. Marcus, 560 U.S. 258, 262 (2010); United States v. Cruz, 894 F.2d 41, 44 (2d Cir. 1990). The Appellant argues that the testimony was not hearsay because it was intended only to show his state of mind in deciding to move, and not offered for the truth of the matter asserted. However, "the mere identification of a relevant non-hearsay use of . . . evidence is insufficient to justify its admission if the jury is likely to consider the statement for the truth of what was stated with significant resultant prejudice." United States v. Reyes, 18 F.3d 65, 70 (2d Cir. 1994); see also Fed. R. Evid. 403. Here, the district court could reasonably have concluded that the proffered testimony would be considered by the jury for the truth of the matter asserted. We see no error, let alone plain error, in the district court's decision to exclude this testimony.

For the foregoing reasons, and finding no merit in the Appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3