Rafael **ROMERO**, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 1462, Docket 93–2169.

United States Court of Appeals,
Second Circuit.

Submitted June 24, 1994.

Decided June 29, 1994.

Rafael Romero, pro se.

Allen D. Applbaum, Asst. U.S. Atty., S.D.N.Y., New York City (Mary Jo White, U.S. Atty., S.D.N.Y., Nelson W. Cunningham, Asst. U.S. Atty., S.D.N.Y.), for respondent-appellee.

Before: FEINBERG and MAHONEY, Circuit Judges, and KRAM, District Judge *.

PER CURIAM:

Petitioner-appellant Rafael Romero appeals *pro se* from an order entered June 17, 1992 in the United States District Court for the Southern District of New York, Robert J. Ward, *Judge,* that denied Romero's application to vacate a judgment entered in that court on May 25, 1989 which convicted him of narcotics and firearms violations, as well as assaulting with a deadly weapon, conspiring to murder, and attempting to murder a federal officer. *See United States v. Romero,* 897 F.2d 47 (2d Cir.) (affirming conviction on direct appeal), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3253, 111 L.Ed.2d 762 (1990), 498 U.S. 1092, 111 S.Ct. 975, 112 L.Ed.2d 1060 (1991). For the reasons that follow, we affirm the order of the district court.

We affirmed Romero's conviction on February 20, 1990. On January 22, 1992, Romero filed a motion for a new trial pursuant to Fed.R.Crim.P. 33, contending, *inter alia,* that an article in the *New York Daily News* that detailed improper conduct on the part of agents from Drug Enforcement Administration Group 33 who arrested him and testified at his trial (the "DEA Agents") constituted newly discovered evidence warranting a new trial. Romero contended that he could have used the information in the newspaper article to impeach the testimony of the DEA Agents.

■ Judge Ward treated Romero's application as a petition pursuant to 28 U.S.C. § 2255, apparently in the belief that Romero's Rule 33 motion was time-barred because it was filed more than two years after entry of the judgment of conviction that Romero was attempting to vacate. Rule 33 states in pertinent part that: "A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment...."

The key term is "final judgment." Persuasive authority holds that when an appeal is taken from a criminal conviction, it is not the date of the entry of the judgment of conviction, but rather the date of the issuance of the mandate of affirmance by the appellate court, which governs. *See* 3 Charles A. Wright, *Federal Practice and Procedure: Criminal 2d* § 558 at 361 (2d ed. 1982 & Supp.1994); *United States v. Dayton,* 981 F.2d 1200, 1202 (11th Cir.1993) (collecting cases from the First, Third, Seventh, Eighth, Ninth, Tenth and District of Columbia Circuits); *United States v. Biaggi,* 823 F.Supp. 1151, 1160 (S.D.N.Y.1993); *Alvarez v. United States,* 808 F.Supp. 1066, 1089 (S.D.N.Y. 1992); *United States v. Mallah,* 427 F.Supp. 328, 331 (S.D.N.Y.), *aff'd mem.,* 559 F.2d 1205 (2d Cir.1977). No circuit court has ruled contrary to this authority, and we see no reason to do so. Thus, insofar as Romero's Rule 33 motion was based upon the ground of newly discovered evidence, it was not time-barred.

■ However, treating Romero's motion as a Rule 33 motion instead of a § 2255 petition does not help Romero. Rule 33 motions " 'are granted only with great caution ... *in the most extraordinary circumstances.*' " *Sanders v. Sullivan,* 863 F.2d 218, 225 (2d Cir.1988) (quoting *United States v. DiPaolo,* 835 F.2d 46, 49 (2d Cir.1987) (emphasis in *DiPaolo* )). Judge Ward, who presided over Romero's jury trial, noted that Romero produced no evidence that the DEA

---

* The Honorable Shirley Wohl Kram, United States District Judge for the Southern District of New York, sitting by designation.

Agents acted improperly in his case, and ruled that "even assuming each of [the DEA Agents] could be thoroughly impeached [by the information contained in the newspaper article], the remaining proof is sufficient to sustain Romero's conviction on all of the charges against him." *Romero v. United States,* 92 Civ. 934 (RJW) slip op. at 2, 1992 WL 147904 (S.D.N.Y. June 18, 1992). *See United States v. Sposato,* 446 F.2d 779, 781 (2d Cir.1971) (new evidence "which merely discredits a government witness and does not directly contradict the government's case ordinarily does not justify a new trial") (collecting cases). We perceive no basis upon which to disagree with the district court's finding.

Moreover, all of the other claims set forth in Romero's application to vacate his conviction could not be presented by a Rule 33 motion because they are not subject to the two-year period under Rule 33 for claims of newly discovered evidence, but rather to a seven-day limit under that rule. Judge Ward addressed the remaining claims, and found them either frivolous or previously presented and rejected. We agree with that assessment.

Romero seeks on this appeal, and has filed a separate motion, to have us direct the district court to correct the record to indicate that the application denied by the order from which this appeal is taken was a Rule 33 motion, rather than a § 2255 petition. Romero presumably believes that this distinction might conceivably bear upon any future application that he might make pursuant to § 2255, which provides that "a sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." In any event, the publication of this opinion provides all the "correction" that the situation requires.

Accordingly, the order of the district court that denied Romero's application to vacate his conviction is affirmed. Romero's motion to correct the district court record is denied as moot.