104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Efrain MARTINEZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-2332.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 Appearing for Appellant: Efrain Martinez, Fort Dix, New Jersey.
 Appearing for Appellee: M. Katherine Baird, Assistant United States Attorney, Southern District of New York, New York, New York.
 Before VAN GRAAFEILAND, WINTER and JACOBS, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was submitted.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Efrain Martinez appeals from Judge Sand's order denying his motion to vacate his conviction pursuant to 28 U.S.C. § 2255 and for appointment of counsel. Martinez was convicted, following a jury trial, for possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841 and conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The district court sentenced him to ten years imprisonment, followed by eight years of supervised release and a $100 special assessment.
 
 
 4
 Martinez appealed his conviction, which we affirmed by summary order. United States v. Martinez, No. 90-1386 (2d Cir. Nov. 21, 1990). On September 13, 1995, Martinez filed a petition in district court claiming that a 1991 Daily News article, describing alleged improprieties committed by Drug Enforcement Agency Group 33 and Agent James Hunt, constituted newly discovered evidence that required a new trial. The article claimed that members of Group 33 "sold drugs, gambled, engaged in illicit sex and lied in the performance of their duties." Hunt was present at Martinez's arrest and testified at Martinez's trial. The district court denied Martinez's motion because his claim was not timely filed and because Martinez failed to show that Agent Hunt's wrongdoings, unknown to the government at the time of trial, were related to Martinez and would have altered the outcome of his trial. Martinez v. United States, No. 95 Civ. 7800(LBS), 89 Cr. 397(LBS) (S.D.N.Y. January 16, 1996).
 
 
 5
 Martinez argues that the district court erred in denying a new trial and that the government failed to honor its disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), as it did not disclose the allegations against Hunt during Martinez's appeal. We disagree.
 
 
 6
 We review the district court's decision for abuse of discretion. U.S. v. Spencer, 4 F.3d 115, 119 (2d Cir.1993). Federal Rule of Criminal Procedure 33 expressly states that a motion for a new trial based on newly discovered evidence must be made within two years of the final judgment. Final judgment refers to the date that we issue a mandate to the district court. United States v. Reyes, 49 F.3d 63, 67 (2d Cir.1995). We affirmed Martinez's conviction on November 21, 1990, and issued a mandate to the district court on May 2, 1991; Martinez filed this petition over four years later. Judge Sand was thus correct in finding Martinez's claim time-barred.
 
 
 7
 Moreover, Judge Sand acted within his discretion in finding that the claim also failed on the merits. Martinez has provided no evidence that the allegations against Agent Hunt and Group 33 affected Hunt's testimony in his case. Moreover, Hunt's testimony was corroborated by Agent James Clifford and Mauricio Osorio. No allegations of impropriety have ever been levelled against Clifford and Osorio. Thus, the district court acted within its discretion in finding that the new evidence would not have affected the outcome of the trial. See Reyes, 49 F.3d at 68 (2d Cir.1995) (denying motion for new trial where evidence did not refute Agent Hunt's testimony and his testimony was of marginal significance); Romero v. United States, 28 F.3d 267, 268-69 (2d Cir.1994) (denying new trial where petitioner failed to produce evidence that Hunt acted improperly in his particular case); but see United States v. Bravo, 808 F.Supp. 311, 322 (S.D.N.Y.1992) (granting new trial where Hunt's testimony provided key evidence); Alvarez v. United States, 808 F.Supp. 1066, 1093 (S.D.N.Y.1992) (same).
 
 
 8
 Martinez's claim that the government violated its obligation to disclose favorable information is also without merit. See Brady, 373 U.S. at 87. The government must disclose "evidence favorable to an accused upon request ... where the evidence is material either to guilt or punishment...." Id. To prove a violation of Brady, Martinez must show that "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles v. Whitley, 115 S.Ct. 1555, 1566 (1995). We find that Martinez has failed to shake our confidence in the outcome, as he has not shown how the allegations against Hunt affected this particular case.
 
 
 9
 Martinez's claim that he was prejudiced by the denial of appointed counsel also fails. An "indigent seeking a free lawyer [must] first pass the test of likely merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 173 (2d Cir.1989). The district court has "substantial discretion" in making or denying such an appointment. Id. at 171-72. We find no clear error in Judge Sand's denial of counsel.
 
 
 10
 We therefore affirm.