11-3719-cr
United States v. Russell

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand thirteen.

Present:
ROBERT D. SACK,
PETER W. HALL,
DEBORAH ANN LIVINGSTON,

*Circuit Judges.*

_____

United States of America,

      Appellee,

v.                                                                          No. 11-3719-cr

Gregory Russell, AKA G,

      Defendant - Appellant.

_____

FOR APPELLANT:     William H. Paetzold, Moriarty Paetzold & Sherwood, Glastonbury, Connecticut.

FOR APPELLEE:     Christopher M. Mattei, Assistant United States Attorney, Robert M. Spector, *of counsel for* David B. Fein, United States Attorney for the District of Connecticut, Hartford, Connecticut.

_____

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Droney, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Gregory Russell was convicted after a trial by jury of one count of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Russell was sentenced, *inter alia*, to 120 months' imprisonment followed by three years of supervised release. He now appeals both the sentence and the underlying conviction. First, in a counseled brief, Russell argues that the district court erred by applying a sentencing enhancement under § 3B1.1 of the Sentencing Guidelines. In a separate *pro se* brief, Russell also asserts that his conviction should be overturned due to the prosecution's knowing use of false testimony. We assume the parties' familiarity with the facts and procedural posture of this case, and we address each basis for the appeal in turn.

**I.      *Pro Se* Motion for New Trial**

Russell argues that he is entitled to a new trial because the government knowingly used the false testimony of a witness. On appeal, "[w]e review motions for a new trial under an 'abuse-of-discretion' standard." *United States v. Rigas*, 583 F.3d 108, 125 (2d Cir. 2009). "The Supreme Court has consistently held that a conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Drake v. Portuondo*, 553 F.3d 230, 241 (2d Cir. 2009) (internal alterations and quotation marks omitted). Nonetheless, to

succeed in a challenge to his conviction on this basis, the defendant must prove on appeal that "(i) the witness actually committed perjury; (ii) the alleged perjury was material; (iii) the government knew or should have known of the alleged perjury at time of trial; and (iv) the perjured testimony remained undisclosed during trial." *United States v. Zichettello*, 208 F.3d 72, 102 (2d Cir. 2000) (internal citations and quotation marks omitted).

Here, Russell's challenge fails because he has not shown that the government witness in fact committed perjury. Russell claims that Officer Broems testified falsely at trial when he asserted that he did not testify before the grand jury that he saw a green bandana wrapped around the firearm Russell was carrying at the time of Russell's arrest. Officer Broems was called as a summary witness before the grand jury, and in that capacity he identified an exhibit as depicting the firearm recovered from the crime scene wrapped in a green bandana. There is no dispute that the exhibit Officer Broems identified depicted the wrapped firearm.

The difference between Broems's testimony at trial and before the grand jury was brought out on cross-examination. "Differences in recollection do not constitute perjury, and when testimonial inconsistencies are revealed on cross-examination, the jury is entitled to weigh the evidence and decide the credibility issues for itself." *United States v. Josephberg*, 562 F.3d 478, 494 (2d Cir. 2009) (internal quotation marks, citation, and alteration omitted). In the present case, Russell has not shown that Officer Broems's testimony was perjured or even inconsistent. Broems testified at trial that he did not see the bandana at the time of the arrest; at the grand jury when examining an exhibit that depicted the gun wrapped in a green bandana, he described the image in the exhibit and identified the gun as the one he saw Russell holding at the time of arrest. Notably, he did not testify at trial that the gun was or was not wrapped in the bandana when the arrest was initiated, only that he did not see the bandana at that time.

Because Russell has failed to show that the government's witness committed perjury, Russell's challenge to his conviction on that ground is without merit.

## II. Challenge to § 3B1.1 Sentencing Enhancement

We review a district court's sentencing decisions for reasonableness under a "deferential abuse-of-discretion standard," which encompasses both procedural and substantive review. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In evaluating a sentence's reasonableness we "consider whether the sentencing judge exceeded the bounds of allowable discretion, committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (internal quotation marks and alterations omitted). "A district court commits procedural error where it fails to calculate the Guidelines range[,] . . . makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Cavera*, 550 F.3d at 190.

Under section 3B1.1(c) of the Sentencing Guidelines, a defendant's offense level may be increased by two levels if "the defendant was an organizer, leader, manager, or supervisor in any criminal activity" not included in sections (a) or (b) of § 3B1.1. U.S.S.G. § 3B1.1(c). A defendant is properly considered a manager or supervisor "if he exercised some degree of control over others involved in the commission of the offense . . . or played a significant role in the decision to recruit or to supervise lower-level participants." *United States v. Blount*, 291 F.3d 201, 217 (2d Cir. 2002) (internal quotation marks, alterations and ellipsis omitted), *see also United States v. Hertular*, 562 F.3d 433, 448-49 (2d Cir. 2009). We have held that it is sufficient under section 3B1.1 for the defendant to have managed or supervised one other participant in the conspiracy. *United States v. Al-Sadawi*, 432 F.3d 419, 427 (2d Cir. 2005). The government

4

must prove by a preponderance of the evidence that the defendant's conduct meets the qualifications for application of a role enhancement under this section. *See United States v. Molina*, 356 F.3d 269, 274 (2d Cir. 2004). The district court must make specific factual findings to support the application of a sentencing enhancement, and in some cases may do so by explicitly adopting "the factual findings set forth in the presentence report." *Id.* at 275; *see also United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009) (noting that "adoption of the PSR does not suffice if the PSR itself does not state enough facts to permit meaningful appellate review"). A district court's application of the section 3B1.1 enhancement that presents a primarily legal question on appeal is reviewed *de novo*, while a primarily factual decision is reviewed for clear error. *United States v. Gotti*, 459 F.3d 296, 349 (2d Cir. 2006). We accord "due deference to the district court's application of the [G]uidelines to the facts." *Blount*, 291 F.3d at 214.

The district court in this case made extensive factual findings in support of its determination that a section 3B1.1 enhancement was warranted. In particular, the court found that Noelle Candido was a participant in the offense and that Russell had "recruited and then exercised control over Ms. Candido during the events of July 24th and 25th, 2009." The court determined, in effect, that Ms. Candido had been recruited to act as Russell's driver for his trip to New York to purchase drugs and that Russell both actively recruited her for this excursion and controlled her activities during the commission of the offense. These findings support the district court's conclusion that the defendant "exercised some degree of control over others in the commission of the offense" *United States v. Burgos*, 324 F.3d 88, 92 (2d Cir. 2003) (internal quotation marks and alteration omitted), and we find no error in this regard. On this record, the sentence imposed by the district court must be upheld.

**III.    Conclusion**

We have considered all of the defendants' remaining arguments and find them to be

without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk