UNITED STATES of America,

v.

Edmundo MEJIA, Defendant.

Case No. 10–CR–1237 (KMK).

United States District Court,
S.D. New York.

May 1, 2013.

Howard Greenberg, Esq., Greenberg Law Firm, Brooklyn, NY, for Defendant.

Michael Gerber, Esq., Elliott Bruce Jacobson, Esq., U.S. Attorney's Office, Southern District of New York, White Plains, NY, for the Government.

### OPINION AND ORDER

KENNETH M. KARAS, District Judge:

On October 17, 2012, following a trial, a jury convicted Defendant Edmundo Mejia of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant has moved pursuant to Federal Rules of Criminal Procedure 29 and 33 to challenge his conviction on the claim that certain hearsay testimony regarding the presence of a video camera in the arresting officer's police car was improperly excluded. (Dkt. No. 59.) For the reasons set forth below, Defendant's motion is denied.

### I. Background

A grand jury indicted Defendant in Westchester County with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Dkt. No. 6; Gov't Mem. at 1.) The Court ordered that the Government provide notice of any evidence it would seek to introduce pursuant to Federal Rule of Evidence 404(b) with an accompanying memorandum of law and that the Government turn over all pre-marked exhibits it would seek to introduce in its case-in-chief by no later than August 31, 2012. (Dkt. No. 34.) The Court held a final pre-trial conference on October 2, 2012, and jury selection occurred that same day. The trial began on October 10, 2012, and lasted until October 12, 2012. The Court charged the jury on October 15, 2012, and the jury returned a guilty verdict on October 17, 2012.

Over the course of the three-day trial, Officer Steven Stromberg, the arresting officer, and Officer Isai Moreira, a responding officer, testified about the events of October 24, 2010, including the circumstances of Defendant's traffic stop, arrest, and the subsequent recovery of a gun from the side of the Hutchinson River Parkway. (Trial Transcript ("Tr.") at 1–268.) Special Agent Howard Stern, an ATF agent, along with Colin Steven and Todd Bille, experts in DNA testing and analysis, described the DNA testing of the gun and testified that Defendant's DNA very likely

formed part of the mixed DNA profile present on the gun. (*Id.* at 270–369.) Defendant testified on his own behalf that he did not have a gun on the night in question. (*Id.* at 410–53.)

Defendant's motion centers on the cross-examination of Officer Stromberg, during which counsel for Defendant sought to elicit testimony as to whether there was a dashboard video camera in Stromberg's patrol car on the night of Defendant's arrest. (*Id.* at 112–30.) Stromberg first responded that he did not "personally recall," (*id.* at 112:3–5), and upon further questioning, consistently testified that his only knowledge of the matter was based on information conveyed to him by a third party, (*id.* at 114–30). The Government repeatedly objected on hearsay grounds to questions eliciting what Stromberg had learned from the third party about the video camera, and the Court sustained these objections. (*Id.*)

After Stromberg's cross-examination, outside the presence of the jury, counsel for Defendant asked the Court to "intervene" arguing that the testimony should be "admissible in the name of due process . . . because it is either reliable or trustworthy information." (*Id.* at 186:9–12, 187:2–5.) The Government responded by describing its understanding that Stromberg "does not have a recollection as to whether or not there was even a video camera that night," (*id.* at 188:8–9), that no records exist to determine whether or not there was a camera, (*id.* at 188:17–22, 190:10–19), but that Stromberg may have been told by another officer, possibly James O'Mara, that his patrol car did have a camera on the night in question, (*id.* at 190:20–25, 191:1–20). The Government also represented that it had provided De-

fendant with interview notes from its meetings with Stromberg and the police department employee responsible for dashboard video cameras as part of its production of the so-called 3500 material, a representation which Defendant did not contest.[1] (*Id.* at 188:23–25, 189:1–4.) The Court found that these disclosures satisfied the Government's due process obligations under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), (*id.* at 192: 16–24, 193:1–7), reiterated its prior ruling that what Stromberg learned from a third party was inadmissible hearsay, (*id.* at 193:8–25, 194:1–16), and noted that it was counsel's decision whether to call O'Mara or another police department witness with personal knowledge to testify on the issue, (*id.* at 193:2–7.) However, counsel for Defendant did not call O'Mara or any other police official as a witness to testify on the subject.

## II. Discussion

### A. Standard of Review

■■■ Under Rule 29 of the Federal Rules of Criminal Procedure, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R.Crim.P. 29(a). A motion for acquittal should be granted only if "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Jackson,* 335 F.3d 170, 180 (2d Cir.2003). In assessing the sufficiency of the evidence, all reasonable inferences must be drawn in the Government's favor. *See United States v. Espaillet,* 380 F.3d 713, 718 (2d Cir.2004). As a result, "[a] defendant who challenges the sufficiency of the evidence to support his [or her] conviction bears a heavy burden." *United*

---

1. The Government provided Defendant with 3500 material for Stromberg before July 30, 2012.

*States v. Broxmeyer,* 616 F.3d 120, 125 (2d Cir.2010) (internal quotation marks omitted).

▮▮ Rule 33 allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R.Crim.P. 33(a). The Second Circuit has explained that a new trial is appropriate under Rule 33 only where it would be a "manifest injustice to let the guilty verdict stand," and if the Court concludes, after examining the "totality of the case," that there is "a real concern that an innocent person may have been convicted." *United States v. Sanchez,* 969 F.2d 1409, 1414 (2d Cir.1992) (internal quotation marks omitted). Thus, *to uphold the conviction, in* evaluating the evidence at trial, this Court "must be satisfied that competent, satisfactory and sufficient evidence in the record supports the jury verdict." *United States v. Ferguson,* 246 F.3d 129, 134 (2d Cir. 2001) (internal quotation marks omitted). As such, a district court should "exercise [its] Rule 33 authority sparingly and in the most extraordinary circumstances." *Id.* (internal quotation marks omitted); *see also United States v. Gambino,* 59 F.3d 353, 364 (2d Cir.1995) (noting that Rule 33 "motions for a new trial are disfavored" in the Second Circuit).

### B. Analysis

Defendant argues that Officer Stromberg's testimony regarding what he had been told about the video camera should have been admitted notwithstanding its hearsay nature under the "catch all ... equivalency exceptions." (Def. Mem. at 1 (ellipsis in original).) The Court assumes that this is a reference to the residual hearsay exception in Federal Rule of Evidence 807. Defendant argues that "[t]he outcome affecting issue at trial was whether police office[r] Stromberg was credible when he mined and drenched in testimony

what where [sic] his reasons for the car stop," which "turned on whether there was video surveillance." (*Id.*) As the Court understands this statement, Defendant is arguing that had Officer Stromberg been permitted to testify as to what he learned about the presence of a video camera in his patrol car, the jury could have discredited Stromberg's explanation for stopping Defendant's car. This argument fails on two counts. First, the evidence was properly excluded as hearsay. Second, even assuming that the testimony would have discredited Stromberg's explanation for the car stop, the remaining evidence is more than sufficient to support Defendant's conviction, and, therefore, allowing the conviction to stand would not result in a manifest injustice.

#### 1. Admissibility of Testimony

▮ First, the Court correctly excluded the hearsay testimony. As an initial matter, Defendant does not contest the Court's determination that the testimony he sought to elicit was, in fact, hearsay. (*Id.*) Instead, his sole argument is that the testimony should have been admitted under the "catch-all ... equivalency" exceptions to the hearsay rule, because "if there are sufficient indicia of reliability and trustworthiness, the subject matter, if relevant, comes in." (*Id.* (ellipsis in original).) However, Defendant misconstrues Rule 807, which requires that four conditions be met before an otherwise excludable hearsay statement is admissible:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;

(2) it is offered as evidence of a material fact;

(3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and

(4) admitting it will best serve the purposes of these rules and the interests of justice.

Fed.R.Evid. 807(a). In addition, Rule 807(b) requires that "the proponent give[ ] an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Fed.R.Evid. 807(b). In examining whether a statement meets these criteria, the Second Circuit has noted that "Congress intended that the residual hearsay exceptions ... be used very rarely, and only in exceptional circumstances." *Parsons v. Honeywell, Inc.,* 929 F.2d 901, 907 (2d Cir.1991) (internal quotation marks omitted); *see also Lopez v. Miller,* 915 F.Supp.2d 373, 423–24 (E.D.N.Y.2013) (same).[2]

■■ Defendant has failed to establish that the proffered testimony meets the Rule 807 requirements. The first requirement is that the proffered hearsay evidence must have circumstantial guarantees of trustworthiness equivalent to those that justify hearsay testimony under the other hearsay exceptions. In *Schering Corp. v. Pfizer Inc.,* the Second Circuit outlined the "criterion of trustworthiness" that a district court should employ:

The hearsay rule is generally said to exclude out-of-court statements offered for the truth of the matter asserted because there are four classes of risk peculiar to this kind of evidence: those of (1) insincerity, (2) faulty perception, (3) faulty memory and (4) faulty narration, each of which decreases the reliability of the inference from the statement made to the conclusion for which it

is offered.... The traditional exceptions to the hearsay rule, in turn, provide the benchmark against which the trustworthiness of evidence must be compared in a residual hearsay analysis.... It is thus important to recognize that the trustworthiness of these exceptions is a function of their ability to minimize some of the four classic hearsay dangers.

189 F.3d 218, 232–33 (2d Cir.1999). Hearsay evidence is generally excluded "on the theory that cross-examination can help test for these four classes of error, thus allowing the fact-finder to weigh the evidence properly and to discount any that is too unreliable." *Id.* at 232. While a hearsay statement need not be free of all four of these dangers to be admitted, it must minimize at least some of them. *See id.* at 232–33.

Citing no authority, Defendant argues that "information thus obtained from Police officials would necessarily be reliable and trustworthy." (Def. Mem. at 2.) This blanket proposition fails to address the factors articulated in *Schering.* For example, there is nothing about being a police official that inherently prevents insincerity, faulty perception, faulty memory, or faulty narration. Surely, Defendant is not suggesting that all police officials, by virtue of their employment, are automatically presumed to be sincere, to have particularly accurate perception and memories, or to offer accurate narrations. Indeed, at trial, Defendant aggressively attacked the trustworthiness and credibility of Stromberg, a police officer. Nor does Defendant explain why the nature and surrounding circumstances of the hearsay statement at issue

---

**2.** The Court notes that *Parsons* was decided before the 1997 amendments to the Federal Rules of Evidence. "The contents of Rule 803(24) and Rule 804(b)(5) have been combined and transferred to a new Rule 807.

This was done to facilitate additions to Rules 803 and 804. No change in meaning is intended." Fed.R.Evid. 807, advisory committee's note. As a result, *Parsons* is applicable to Rule 807.

here, other than the declarant's status as a police officer, guarantee trustworthiness. In fact, the specific circumstances here—a statement by a declarant, who may or may not have personal knowledge as to the presence of a video camera approximately two years earlier, which might not be corroborated by records—do not suggest inherent trustworthiness. *See Mishkin v. Ensminger (In re Alder, Coleman Clearing Corp.),* No. 95–CV–8203, 1998 WL 160039, at *10 (Bankr.S.D.N.Y. Apr. 3, 1998) ("Relevant factors include whether the declarant has personal knowledge of the matters he is asserting, whether he makes the statement voluntarily and under penalty of perjury and whether his statement can be corroborated."); *see also Metro. Enter. Corp. v. United Techs. Int'l,* No. 03–CV–1685, 2006 WL 798870, at *3 (D.Conn. Feb. 28, 2006) (excluding hearsay as unreliable under Rule 807 where, inter alia, declarant "was not under oath and will not be available for cross examination").

Moreover, the would-be testimony in this case, a verbal statement made by a police official to Stromberg, is not analogous to the recognized hearsay exceptions for verbal statements. There is no indication that the declarant was unavailable, *see* Fed.R.Evid. 804, that the statement was made for medical reasons, or that it addressed reputation, *see* Fed.R.Evid. 803. Nor did the statements reflect a contemporaneous occurrence (present sense impression, excited utterance, or then-existing mental, emotional, or physical condition). *See id.* Instead, the declarant supposedly made the statement to Stromberg in the course of his pre-trial preparation, nearly two years after the event in question occurred. This hearsay testimony thus lacks the contemporaneous nature of these recognized exceptions for verbal statements. *See Schering Corp.,* 189 F.3d at 232–33 (explaining that trustworthiness can be gauged by analogy to the codified hearsay exceptions); *United States v. James,* No. 02–CR–0778, 2007 WL 1579977, at *3–4 (E.D.N.Y. May 31, 2007) (excluding testimony that lacked circumstantial guarantees of trustworthiness equivalent to other hearsay exceptions and noting that Rule 807's "safety-valve" applies only when "certain exceptional guarantees of trustworthiness" are present (internal quotation marks omitted)); *cf. United States v. Guerrero,* No. 09–CR–0339, 2010 WL 1645109, at *4 (S.D.N.Y. Apr. 20, 2010) ("The reference to guarantees of trustworthiness equivalent to those in the enumerated exceptions suggests that almost fitting within one of these exceptions cuts in favor of admission, not against."). Therefore, the proposed hearsay testimony lacks the circumstantial guarantees of trustworthiness required by Rule 807.

■ Even if the Court were to find that the proffered testimony had sufficient guarantees of trustworthiness, the testimony does not meet the remaining requirements in Rule 807. First, Rule 807(a)(2) requires that the testimony be evidence of a material fact. *See* Fed.R.Evid. 807(a)(2). Although Defendant does not address this requirement explicitly, he argues that "whether there was video surveillance ... would tell one way or the other, in operation in the radio motor patrol car in and around the time of the stop," and undermine Stromberg's credibility as to "his reasons for the car stop." (Def. Mem. at 1.) However, following discussions with counsel, (Tr. at 22–24, 202–04, 376–381), the Court specifically instructed the jury "that the questions of the legality of this car stop and the legality of the admissibility of the evidence obtained as a result of the car stop should not enter into your deliberations," (*id.* at 561:12–15). Therefore, the rationale for Stromberg's stop of Defen-

dant's car on the night of his arrest was not a material fact in the trial.[3]

Second, Rule 807(a)(3) requires that the hearsay testimony be more probative than any other evidence obtainable through reasonable efforts. Fed.R.Evid. 807(a)(3). In general, where the declarant is available to testify, hearsay testimony is not more probative than the in-person testimony of the declarant. *See Parsons*, 929 F.2d at 907–08 (explaining that declarant's in-person testimony would be more probative than proffered hearsay and holding that residual hearsay exception did not apply); *United States v. Zapata*, 356 F.Supp.2d 323, 328 (S.D.N.Y.2005) (holding that residual exception did not apply where, inter alia, defendant could subpoena the declarant to testify); *Katona v. Fed. Express Corp.*, No. 95–CV–10951, 1998 WL 126059, at *4 (S.D.N.Y. Mar. 19, 1998) (holding that residual hearsay exception did not apply where, among other considerations, an in-

person witness could testify as to the events in question), *reconsidered on other grounds*, 1999 WL 13735 (S.D.N.Y. Jan. 12, 1999). Here, Defendant was free to call the declarant, (presumably O'Mara), as a witness—a point reiterated by the Court in discussions regarding the hearsay objection. (Tr. at 193.) Thus, the hearsay testimony was not more probative than other available evidence.

Finally, Rule 807 requires a determination that admitting the hearsay testimony best serves the purposes of the evidence rules and the interests of justice. *See* Fed.R.Evid. 807(a)(4). Defendant provides no explanation as to why admitting out-of-court statements by police officers in this case would best serve the interests of justice.[4] Indeed, for the reasons discussed above, the Court finds that admission of the proffered testimony here would not serve those interests.[5]

---

3. Defendant does not argue that undermining Stromberg's credibility as to the car stop would have impeached Stromberg as a witness generally. The Court simply notes that it is far from certain that the jury would have reached this conclusion, and in any event, Defendant has failed to meet the other requirements of Rule 807.

4. Defendant does, in reference to his difficulty articulating a basis at trial, state that "the fundamental fairness exception to the rule against hearsay required admission." (Def. Mem. at 2.) There is no such "fundamental fairness" exception to the hearsay rule. To the extent that this statement may have been directed to the requirements of Rule 807, it does no more than state the conclusion.

5. In addition to the substantive bases for exclusion, Defendant's argument fails on procedural grounds as well. First, as he concedes, (Def. Mem. at 2), during trial, Defendant argued only that the testimony fell within the "state of mind" exception, (Tr. at 185–86), and did not reference the residual exception. The Second Circuit has explained that "[u]nless the basis for proposed admission is obvious, it is the burden of counsel who seeks

admission to alert the court to the legal basis for his [or her] proffer." *United States v. Cruz*, 894 F.2d 41, 44 (2d Cir.1990) (quoting *United States v. Pugliese*, 712 F.2d 1574, 1580 (2d Cir.1983)); *see also Chamberlin v. Principi*, No. 02–CV–8357, 2006 WL 647785, at *1 n. 2 (S.D.N.Y. Mar. 15, 2006) (explaining that in evidentiary rulings "the burden is on the proffering party to establish why a piece of evidence should be admitted"). Because Defendant relied on the state of mind exception at trial and did not reference the residual exception on which he bases this motion, Defendant failed to alert the Court to the legal basis for his objection.

Second, Rule 807(b) requires that "the proponent give[ ] an adverse party reasonable notice of the intent to offer the statement and its particulars," Fed.R.Evid. 807(b), and the Second Circuit has "stood by the literal meaning" of this pre-trial notification requirement, *United States v. Gotti*, 786 F.Supp. 229, 235 (E.D.N.Y.1992). Here, Defendant provided no such pretrial notice and now provides no explanation for this omission. *Cf. United States v. Iaconetti*, 540 F.2d 574, 578 n. 6 (2d Cir.1976) (explaining that "only in those situations where requiring pre-trial notice is

*2. Harmless Error*

 Even if the Court erred in excluding the hearsay testimony, Defendant still has not met his "heavy burden" under Rule 29, *Broxmeyer*, 616 F.3d at 125, nor demonstrated that it would be a "manifest injustice" to let the verdict stand under Rule 33, *Sanchez*, 969 F.2d at 1414. First, assuming arguendo that Defendant is correct in claiming that the proffered testimony would have discredited Stromberg's testimony as to the reasons for the car stop, as explained above, the Court specifically instructed the jury that the propriety of the car stop was not relevant to its determination of whether the Government met its burden of proving Defendant's guilt beyond a reasonable doubt. Second, even if the proffered testimony somehow discredited Stromberg more generally, there was still sufficient evidence to support Defendant's conviction, including radio call recordings from the night of the arrest, (Tr. at 74–77), another officer's account of the incident, (*id.* at 233–239), physical evidence, and expert testimony that Defendant's DNA very likely formed part of the mixed DNA profile found on the gun, (*id.* at 336). *See United States v. Russell*, No. 09–CR–0266, 2011 WL 1885345, at *5 (D.Conn. May 18, 2011) (holding that physical evidence found near firearm and officer's testimony were sufficient to convict defendant of felon in possession charge), *aff'd*, 513 Fed.Appx. 67 (2d Cir.2013); *see also United States v. Eldridge*, No. 06–CR–311, 2012 WL 4760884, at *5–8 (W.D.N.Y. Oct. 5, 2012) (explaining that DNA evidence was sufficient to sustain conviction and that "new evidence which merely discredits a government witness and does not directly contradict the government's case ordinarily does not justify a new trial" (citing *Romero v. United States*, 28 F.3d 267 (2d Cir.1994)));

wholly impracticable ... should flexibility be

*United States v. Smith*, No. 08–CR–3900, 2009 WL 4249120, at *8 (S.D.N.Y. Nov. 25, 2009) ("[Defendant] seeks to use Rule 33 as a vehicle to relitigate evidentiary rulings with which he disagrees. However, [Defendant] offers no authority to suggest that these allegedly erroneous evidentiary rulings would support his request for a new trial.").

*III. Conclusion*

For the reasons set forth above, Defendant's motion is denied.

SO ORDERED.