**James Edward PRICE, Appellant,**

v.

**Marion S. BARRY, Jr., Mayor for the District of Columbia; District of Columbia Department of Corrections; Barbara A. Ridley, Director, Parole Determination Division; William M. Plaut, Associate Director for Institutions; John Noble, Acting Administrator for Community Correctional Centers; Bernard L. Braxton, Administrator, Occoquan Facility; Joseph Wilmer, Director, Hope Village C.C.C., Appellees.**

No. 94–7120.

United States Court of Appeals, District of Columbia Circuit.

May 9, 1995.

Order Denying Rehearing Aug. 9, 1995.

Vanessa Ruiz, Corp. Counsel at the time the Motion was filed, Charles L. Reischel, Deputy Corp. Counsel, and Mary Larkin Wilson, Asst. Corp. Counsel, Washington, DC, were on the Motion for Summary Affirmance for appellees District of Columbia, et al.

Harold Krauthamer, Sherri M. Stahl, Rachel L. Gold, Chevy Chase, MD, and Alvin McIntyre Ehrlich, Bethesda, MD, were on the Motion for Summary Affirmance for appellee Joseph Wilmer.

James Edward Price, pro se, was on the Opposition to the Motion for Summary Affirmance.

Before: WILLIAMS, HENDERSON, and TATEL, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The main question presented by this appeal is whether the District of Columbia Code creates a liberty interest in parole that is protected by the Due Process Clause of the Fourteenth Amendment.[1] We hold that it does not.[2]

■ James Edward Price, an inmate at Lorton Correctional Complex, brought this action under 42 U.S.C. § 1983, claiming that the District of Columbia Board of Parole had violated his civil rights. Specifically, appellant alleges that the Board violated his due process rights when it failed to parole him in a "timely manner." The district court determined that the District of Columbia Code does not create an "expectancy of release" and thus appellant cannot claim a liberty interest entitling him to due process protections. We agree.

■ A liberty interest may arise from two sources—the due process clause itself or state law. *See Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983). The Supreme Court has explicitly held that the Constitution does not provide a liberty interest in parole. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979). Therefore, appellant must look to District of Columbia law for his asserted liberty interest in parole.

■ State regulations may give rise to a constitutionally protected liberty interest if they contain substantive limitations on official discretion, embodied in mandatory statutory or regulatory language. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989). In *Greenholtz*, the Supreme Court determined that the language in the Nebraska parole statute established a presumption that

release would be granted absent specified findings. The Nebraska statute directed that whenever the Board of Parole considers whether to release an inmate who has served the minimum time necessary for parole, it "*shall* order his release *unless* it is of the opinion his release should be deferred because [one of four specific risk factors exists]." *Greenholtz*, 442 U.S. at 11, 99 S.Ct. at 2106 (emphasis added). The mandatory language sufficiently restricted the Board's parole decisions so as to give rise to a protectible liberty interest in parole release.

In *Board of Pardons v. Allen*, 482 U.S. 369, 376, 107 S.Ct. 2415, 2419, 96 L.Ed.2d 303 (1987), the Supreme Court reached the same conclusion with respect to Montana's parole statute. That statute stated that "the board *shall* release on parole . . . any person confined . . . *when* in its opinion there is reasonable probability that the prisoner can be released without detriment. . . ." *Id.* at 376, 107 S.Ct. at 2420 (emphasis added) (citations omitted). Again, the Court determined that the "shall" language established a protectible interest in parole release.

Here, the District of Columbia Code provides no substantive limitations on the Board's authority to grant parole which would create a liberty interest. The parole statute provides:

> Whenever it shall appear to the Board of Parole that there is reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence . . . the Board *may* authorize his release on parole.

D.C.Code Ann. § 24–204(a) (1989) (emphasis added). The use of the word "may" clearly marks the Board's decision as discretionary. *See United States v. Rodgers*, 461 U.S. 677, 706, 103 S.Ct. 2132, 2149, 76 L.Ed.2d 236 (1983). The statute also grants the Board the power to qualify a prisoner's release on whatever "terms and conditions" the Board sees fit to impose. Unlike the statutes at issue in *Greenholtz* and *Allen*, the District of

---

1. Appellant asserts no claim that District of Columbia Municipal Regulations create a liberty interest in parole, and we therefore do not address any such issue.

2. With respect to the other claims made by appellant, we affirm substantially for the reasons stated by the district court in its order filed April 29, 1994.

Columbia Code under no circumstances compels the Board to grant a prisoner release. It therefore creates no "expectancy of release" entitling a prisoner to due process protections. Accordingly, the motions for summary affirmance are granted and the judgment of the district court

*Affirmed.*

## ORDER

Aug. 9, 1995

Per Curiam.

Upon consideration of appellant's petition for rehearing, it is

ORDERED that the petition for rehearing be denied. Appellant failed to assert before the district court a claim that the District of Columbia Municipal Regulations create a liberty interest in parole. *See Price v. Barry,* 53 F.3d 369, 369 n. 1 (D.C.Cir.1995). Therefore, appellant may not raise the issue for the first time on rehearing. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084 (D.C.Cir.1984).