**UNITED STATES of America**

v.

**Vincent R. DAVIS, Appellant.**

**No. 98–6251.**

United States Court of Appeals, Third Circuit.

Argued: May 19, 1999.

Opinion Filed: July 19, 1999.

Order Filed: Oct. 15, 1999.

Before BECKER, Chief Judge, RENDELL and ROSENN, Circuit Judges.

## ORDER AMENDING OPINION

BECKER, Chief Judge.

The Slip Opinion in the above case filed July 19, 1999 is hereby amended as follows:

**On page 39 of the slip opinion, second full paragraph, first line, replace:** "Inquiry into the first two incidents was clearly proper, because they went to Davis's truthfulness. *See Deary v. City of Gloucester,* 9 F.3d 191 (1st Cir.1993) (questions about an incident in which a police officer witness had been disciplined for untruthfulness were appropriate under Rule 608(b))."

---

n. 5 (3d Cir.1999), but New Jersey's contentions go beyond that record.

with: "Inquiry into the *facts underlying* the first two incidents was clearly proper, because they went to Davis's truthfulness.[1]"

---

1. This does not suggest that the government may introduce either reports or evidence that Davis was suspended for forty-four days, or documentation of the Internal Affairs determination that Davis lied about the subway-pass incident. Such evidence would not only be hearsay to the extent it contains assertion of fact, it would be inadmissible extrinsic evidence under Rule 608(b). More precisely, the government cannot make reference to Davis's forty-four day suspension or that Internal Affairs found that he lied about the subway-pass incident. The government needs to limit its cross examination to the *facts underlying* those events. To impugn Davis's credibility, the government properly can question Davis about misappropriating departmental ·gasoline for personal use and putting a false name in a gas log, and it may question Davis about lying to an Internal Affairs officer about ripping up an individual's subway pass. If he denies that such events took place, however, the government cannot put before the jury evidence that he was suspended or deemed a liar by Internal Affairs. As Professor Saltzburg aptly warns, "counsel should not be permitted to circumvent the no-extrinsic-evidence provision [in Rule 608(b)(1)] by tucking a third person's opinion about prior acts into a question asked of the witness who has denied the act." Stephen A. Saltzburg, *Impeaching the Witness: Prior Bad Acts and Extrinsic Evidence*, 7 CRIM. JUST. 28, 31 (Winter 1993). Allowing such a line of questioning not only puts hearsay statements before the jury, it injects the views of a third person into the case to contradict the witness. This injection of extrinsic evidence not only runs afoul of Rule 608(b), but also sets the stage for a mini-trial regarding a tangential issue of dubious probative value that is laden with potential undue prejudice.