**UNITED STATES of America, Appellee**

v.

**Gerald F. WHITMORE, Appellant**

**No. 03–3022.**

United States Court of Appeals,
District of Columbia Circuit.

Filed June 14, 2004.

Before: HENDERSON and
GARLAND, Circuit Judges.

*ORDER*

PER CURIAM.

Upon consideration of the appellee's petition for rehearing, filed April 19, 2004 and the appellant's response thereto, it is

ORDERED that the petition for rehearing be denied. The government's petition for rehearing "does not seek to change the panel's ultimate disposition of this appeal" nor does it "challenge the panel's conclusion that the district court erred in excluding the entire line of cross-examination concerning Soto's prior testimony." Pet. at 2 (internal quotation marks omitted). Indeed, the government "agrees that on remand Officer Soto can properly be cross-examined concerning the truth or falsity of that prior testimony." *Id.*

The petition does question, however, the extent to which Whitmore may cross-examine Soto regarding that prior testimony on retrial in light of the prohibition contained in Federal Rule of Evidence 608(b) against using "extrinsic evidence" to establish "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness." As the government concedes, it has not previously "brief[ed] the issue of whether the proposed cross-examination of Officer Soto was precluded by Fed.R.Evid. 608." Pet. at 7 n. 4. *See also United States v. Whitmore,* 359 F.3d 609,

619 n. 6 (D.C.Cir.2004). Nevertheless, it now draws our attention, for the first time, to an Advisory Committee note to Rule 608(b) that became effective on December 1, 2003, after oral argument in this case. The note reads as follows:

It should be noted that the extrinsic evidence prohibition of Rule 608(b) bars any reference to the consequences that a witness might have suffered as a result of an alleged bad act. For example, Rule 608(b) prohibits counsel from mentioning that a witness was suspended or disciplined for the conduct that is the subject of impeachment, when that conduct is offered only to prove the character of the witness. *See United States v. Davis,* 183 F.3d 231, 257 n. 12 (3d Cir. 1999) (emphasizing that in attacking the defendant's character for truthfulness "the government cannot make reference to Davis's forty-four day suspension or that Internal Affairs found that he lied about" an incident because "[s]uch evidence would not only be hearsay to the extent it contains assertion of fact, it would be inadmissible extrinsic evidence under Rule 608(b)"). *See also* Stephen A. Saltzburg, *Impeaching the Witness: Prior Bad Acts and Extrinsic Evidence,* 7 Crim. Just. 28, 31 (Winter 1993) ("counsel should not be permitted to circumvent the no-extrinsic-evidence provision by tucking a third person's opinion about prior acts into a question asked of the witness who has denied the act").

According to the government, this note so limits the scope of cross-examination of Soto regarding his prior testimony that the opinion must be amended to further set the parameters on such questioning on retrial.

As Whitmore correctly points out in response, a party may not raise an issue for the first time on rehearing. *Price v. Barry,* 53 F.3d 369, 371 (D.C.Cir.1995); *see also Talk of the Town v. Dep't of Finance*

& *Bus. Servs.,* 353 F.3d 650, 650 (9th Cir. 2003) (argument "waived" if raised for first time in petition for rehearing). Nonetheless, it is appropriate for us to call the district court's attention to the new Advisory Committee note because that note would apply to the scope of cross examination on retrial. In all other respects, the petition for rehearing is denied. It is

FURTHER ORDERED that the Clerk be directed to withhold re-issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41.