In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 04-2557, 04-2592

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

PIERRE DAWSON and ALPHONSO INGRAM,

*Defendants-Appellants*.

_____

Petition to Rehear Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 CR 688—**Elaine E. Bucklo**, *Judge*.

_____

SUBMITTED DECEMBER 7, 2005—DECIDED JANUARY 17, 2006

_____

Before CUDAHY, POSNER, and WILLIAMS, *Circuit Judges*.

POSNER, *Circuit Judge*.  The government has moved for
rehearing, complaining about the following passage in our
opinion of September 28 and more particularly about the
sentence in that passage that we have italicized:

> In suppression hearings in two previous cases,
> involving other defendants, the trial judges had disbe-
> lieved testimony by three government agents who
> also testified for the prosecution in our case. Defense
> counsel in our case wanted to use those judges' rulings
> to impeach the three witnesses' testimony. The judge

refused on the basis of Rule 608(b) of the Federal Rules of Evidence, which provides that "specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence." *Our defendants were not proposing to use extrinsic evidence, however, but merely to ask each witness whether a judge had disbelieved him or her in a previous case.*

*United States v. Dawson*, 425 F.3d 389, 396 (7th Cir. 2005). We went on to say that the error was harmless, and to affirm the conviction. But the government is concerned about the possible stare decisis effect of the passage and wants us to delete or modify it. Although deletion would provide no succor for the defendants, their lawyers have helpfully responded to the government's petition, and so we have had the benefit of an adversary presentation of the issue.

The government bases its argument on two items to which it did not refer in its appeal brief. One is a statement in the committee note accompanying amendments to Rule 608(b) made in 2003; the statement in its entirety is: "See also Stephen A. Saltzburg, Impeaching the Witness: Prior Bad Acts and Extrinsic Evidence, 7 Crim. Just. 28, 31 (Winter 1993) ('counsel should not be permitted to circumvent the no-extrinsic-evidence provision by tucking a third person's opinion about prior acts into a question asked of the witness who has denied the act')." The second item is a footnote in *United States v. Davis*, 183 F.3d 231, 257 n. 12 (3d Cir), as amended by 197 F.3d 662 (1999), which, citing Saltzburg article, states that the government "may [on cross-examination] question Davis [a defense witness] about lying to an Internal Affairs officer about ripping up an individual's subway pass[, but] if he denies that such events took

place, . . . the government cannot put before the jury evidence that he was suspended or deemed a liar by Internal Affairs." See also *United States v. Whitmore*, 384 F.3d 836 (D.C. Cir. 2004) (per curiam), which appears to approve of the statement in *Davis*.

The passage in the committee note is not keyed to any change in the text of Rule 608(b) made by the 2003 amendments; in effect it is post-enactment legislative history—and not by a legislature, either; it is a statement by a committee of the Judicial Conference of the United States, i.e., a committee of judges. Nevertheless it is entitled to our respectful consideration. *Tome v. United States*, 513 U.S. 150, 160 (1995); Edward J. Imwinkelried, "Moving Beyond 'Top Down' Grand Theories of Statutory Construction: A 'Bottom Up' Interpretive Approach to the Federal Rules of Evidence," 75 *Ore. L. Rev.* 389, 394-95, 411-12 (1996). Even Justice Scalia, no fan of legislative history, agrees. *Tome v. United States*, *supra*, 513 U.S. at 167-68 (concurring opinion). The note itself, however, is to a rule concerning extrinsic evidence; the reference to questions of a witness appears only in the quotation from Professor Saltzburg's article. The weight properly given to such a reference is obscure.

*Davis* and *Whitmore* do not dispel the obscurity. They do not distinguish clearly between presenting extrinsic evidence that the witness was found not credible and, in a paraphrase of Saltzburg's statement, "inject[ing] the views of a third person into the case to contradict the witness" merely by asking the witness about those views. *United States v. Davis*, *supra*, 183 F.3d at 257 n. 12. The passage we quoted earlier from *Davis* was unexceptionable in distinguishing between questioning a witness and presenting extrinsic evidence to contradict his answer; all that makes

the case *seem* to bear on the issue before us is the court's quotation of the passage from Saltzburg.

In *Davis*, moreover, the third person was not a judge; and while one of the third persons in *Whitmore* was, the per curiam opinion does not bother to mention the fact. The distinction may be important. Rule 609 allows convictions to be used to impeach credibility, suggesting that findings by judges or juries are entitled to more weight than what any old third party might happen to think about a witness's credibility. The quotation from Saltzburg's article likewise refers to "a third person's opinion" without attempting to distinguish among third persons. It is possible that Saltzburg, and the committee, rather than interpreting Rule 608(b) were merely offering cautionary advice to district judges regarding the exercise of discretion in the control of cross-examination; more on this later.

Rule 608(b) begins: "specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may . . . in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . ." Clearly that would have allowed the judge to permit the defendants' lawyer in this case to ask the witnesses whether they had lied in two previous suppression hearings. And there is nothing to suggest that the "inquiry" could not have extended to asking the witness whether a judge, say, had ever found him not to be a credible witness. After referring to "specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness," that may be inquired into on cross-examination, Rule 608(b) adds that: such character "may not be proved by extrinsic evidence." There would have been a problem in this case had the defendants'

lawyer asked "has any federal judge ever found that you lied on the stand?" and when the witness answered "no" the lawyer sought to have the judge's finding placed in evidence. *That* would be "extrinsic evidence" and would be barred by Rule 608(b) if the evidence were being used to undermine the witness's "character for truthfulness." (It could have uses that did not concern "character for truthfulness" and were therefore outside Rule 608(b).)

This is not to suggest that every question a lawyer might want to ask about a third party's opinion of the credibility of a witness would be proper cross-examination. It is to suggest only that such questions are outside the scope of Rule 608(b). The trial judge has a responsibility not to allow cross-examination to get out of hand, confuse the jury, and prolong the trial unnecessarily. It would be one thing to ask a witness whether a judge or jury had disbelieved his testimony in the past if a pattern of dishonest testimony by the witness could be shown, and quite another to ask such a question when the witness had testified frequently and been disbelieved in only one case or where it was unclear whether and why the witness's testimony had been rejected. It would be within the district judge's discretion to permit the question in the first case and to forbid it in the second. Where on the spectrum the interrogation that the defendants' lawyers wanted to conduct in this case fell is unclear from the record, but also unimportant, since if there was error in refusing to permit the interrogation it was harmless.

The important point is that the decision whether to allow a witness to be cross-examined about a judicial determination finding him not to be credible is confided to the discretion of the trial judge; it is not barred by Rule 608(b), which, to repeat, is a rule about presenting extrinsic evidence, not about asking questions.

A true Copy:

    Teste:

                         _____

                         *Clerk of the United States Court of*
                                *Appeals for the Seventh Circuit*