# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3859

_____

United States of America

*Plaintiff - Appellee*

v.

Maurice Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 11, 2013
Filed: August 26, 2013

_____

Before COLLOTON, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

A jury convicted Maurice Jones of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals, asserting that the district court[1] erred in restricting his cross-examination of a witness and denying his

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

motion for a new trial (based on an alleged compromise verdict). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Police responded to a report of "shots fired." They saw 10 to 20 people on the porch of a house. Under a weight bench on the porch, an officer found a pistol. The person nearest the bench was detained but released. No one was charged that night with possessing the gun. No fingerprints were recovered from it. Jones was on the porch.

Three days later, an officer interviewed Jones. The officer knew him from MAD DADS, an organization that mentors youth and gets guns off the street. Jones claimed a man named Gino gave him the gun that night after fleeing from gunfire. Jones said he put the gun under the weight bench. He then left town for a funeral and did not return. Before and at trial, Jones said he made up the Gino story to protect the person initially detained.

At trial, a cellmate — Scott Elkins — testified that Jones confessed he possessed the gun. The government showed a jail surveillance video (without audio) of Jones talking with Elkins and acting out the scene on the porch. Jones testified that the video was taken while they were discussing his stepson's murder and that Elkins read his legal papers to fabricate the confession. On cross-examination, Jones's counsel asked Elkins about his three fraud convictions, his motive to get a sentence reduction to see his family, the unlikelihood of Jones confessing to a known informant two weeks before trial, and his access to Jones's legal papers.

Jones was not allowed to introduce a federal magistrate judge's credibility finding from Elkins's detention hearing. Six days earlier, Elkins had testified as an informant against another cellmate, James Youngbear, who was subsequently

acquitted. Jones was not permitted to question Elkins about the timing of the Youngbear acquittal in order to show Elkins's immediate need for another defendant to testify against.

The jury convicted Jones of possessing the gun, but not the ammunition in it. He was sentenced to 235 months' imprisonment.

## II.

Jones argues that the district court abused its discretion in restricting the cross-examination of Elkins. "A trial court's decision to limit cross-examination will not be reversed unless there has been a clear abuse of discretion and a showing of prejudice to the defendant." *United States v. Oaks*, 606 F.3d 530, 540 (8th Cir. 2010). Jones claims that the court should have allowed (1) further cross-examination about Elkins's motivation for testifying, and (2) evidence of the magistrate judge's finding about his credibility. He invokes the Confrontation Clause. "A Confrontation Clause violation is shown when a defendant demonstrates a reasonable jury might have received a significantly different impression of a witness's credibility had counsel been allowed to pursue the proposed line of cross-examination." *Id.* Confrontation Clause violations are subject to harmless-error review. *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986). Whether an error is "harmless beyond a reasonable doubt" requires considering "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Id.*

## A.

Jones wanted to question Elkins about the timing of the Youngbear acquittal to show that his motive for testifying was a sentence reduction. The court ruled that

the testimony was not relevant, and risked undue prejudice under Rule 403, because an acquittal "doesn't make Mr. Elkins a liar. It doesn't go to his credibility."

In the *Oaks* case, an officer testified that "tall shrubs or trees" obstructed his view of an object being thrown into a lake. *Oaks*, 606 F.3d at 540. The defendant sought to impeach him "by pointing out he had not mentioned shrubbery in his earlier description." *Id.* On re-direct, the officer reviewed his written statement that the object was thrown in the direction of "weeds" and "vegetation." *Id.* The court denied the defendant's request to re-cross the officer "more extensively on these points." *Id.* This court held that "further cross-examination would have been cumulative." *Id.* ("Counsel's additional questions would not have added to the testimony or detracted from [the officer's] credibility."), *citing United States v. Beck*, 557 F.3d 619, 621 (8th Cir. 2009) (holding the proposed testimony was duplicative and had little impact on the case); *see United States v. Wipf*, 397 F.3d 677, 683 (8th Cir. 2005) (holding a restriction on the cross-examination was permissible, in part, because the court had granted leeway to cross-examine the witness and impeach his credibility); *see also United States v. Polk*, 715 F.3d 238, 251 (8th Cir. 2013) (holding that because of extensive cross-examination, further questioning would not "have provided the jury with a significantly different view of [the defendant] or his credibility").

Here, the district court allowed Jones (repeatedly) to cross-examine Elkins about his desire for a sentence reduction, and his need to testify against others. Jones asserts the district court mistakenly assumed he offered the evidence to show that because Youngbear was acquitted, Elkins must have lied (as some of the court's statements intimate). Rather, Jones argues on appeal, he offered the evidence to show Elkins must be lying because he needed to testify against someone to receive a sentence reduction once Youngbear was acquitted. The district court also ruled that the questioning was irrelevant. Regardless, the jury would not have received a significantly different impression of Elkins's credibility had the testimony been allowed. *See Oaks*, 606 F.3d at 540. Even if the district court abused its discretion,

any error was harmless beyond a reasonable doubt because additional evidence would have been cumulative.

### B.

Jones tried to introduce evidence that a federal magistrate judge found that Elkins lacked credibility. The district court excluded the evidence as hearsay, irrelevant, and cumulative.

Jones frames two separate issues: (1) whether he could ask Elkins a question about the judge's credibility finding; and (2) whether the finding itself should have been admitted under a hearsay exception.

This court has stated, "A majority of our sister circuits to consider the issue have held 'that judicial findings of facts are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists.'" *United States v. Jeanpierre*, 636 F.3d 416, 423 (8th Cir. 2011), *quoting United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007); *see also United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993). But this court has "not decide[d] whether judicial credibility determinations are inadmissible hearsay." *Jeanpierre*, 636 F.3d at 424.

Jones cites other Circuits for the proposition that a judge's finding about witness credibility is admissible under the hearsay exceptions in Rules 803(8)(C) — now Rule 803(8)(A)(iii) and 803(6). In *United States v. Cedeno*, 644 F.3d 79 (2d Cir. 2011), the Second Circuit held that the defendant could ask a question about the prior court's credibility finding. *Cedeno*, 644 F.3d at 83 & n.3. But because the government did not raise the "question in earlier briefing," that court did "not discuss . . . further" "the question of whether past judicial credibility determinations are inadmissible hearsay." *Id.* at 83 n.3. In *United States v. Dawson*, 434 F.3d 956 (7th

Cir. 2006), the Seventh Circuit did not address the hearsay issue. Rather, it stated that questions "about a third party's opinion of the credibility of a witness" are "outside the scope of Rule 608(b)," which proscribes extrinsic evidence to undermine a witness's veracity. *Dawson*, 434 F.3d at 959. The Seventh Circuit did conclude that "whether to allow a witness to be cross-examined about a judicial determination finding him not to be credible is confided to the discretion of the trial judge." *Id.*

This court need not decide on this record what a witness can be asked, or the scope of the hearsay exception. Elkins never testified at the previous hearing. Rather, the federal magistrate judge found a proffer by Elkins's counsel to be "incredible." This case does not present a credibility finding about sworn testimony.

Even if the district court erred in not allowing the question to Elkins or the evidence of the judge's finding, this court finds any error harmless beyond a reasonable doubt. Jones examined Elkins at length about his lack of credibility. Additional evidence would have been cumulative. The district court did not err in refusing to admit any evidence about the magistrate judge's finding.

III.

Jones contends that the district court abused its discretion in denying a new trial. He claims the jury reached a compromise verdict — "against the weight of the evidence" — by convicting him of possessing the gun, but not the ammunition in it. This court reviews "the denial of a motion for a new trial for a clear and manifest abuse of discretion." *United States v. Lacey*, 219 F.3d 779, 784 (8th Cir. 2000). The "overarching consideration must be whether the record, viewed in its entirety, clearly demonstrates the compromise nature of the verdict." *Boesing v. Spiess*, 540 F.3d 886, 889 (8th Cir. 2008) (citation omitted).

Evidence included Jones's (disavowed) confession that he possessed the gun, two witnesses' testimony about his presence on the porch, police testimony, a video

of Jones describing the events to Elkins, and Elkins's testimony. *Cf.* ***United States v. Johnson***, 474 F.3d 1044, 1050 (8th Cir. 2007) ("Given the evidence of Johnson's well-known occupancy of the bedroom, the presence of his identification card and a cable bill bearing his name in the bedroom closet, testimony regarding the location of the shoebox containing the firearm, and Johnson's close proximity to the firearm at the time of the search, we conclude the evidence was sufficient to sustain Johnson's conviction for being a felon in possession of a firearm."). Jones complains Elkins presented the only direct evidence of guilt. But the same "standard applies even when the conviction rests entirely on circumstantial evidence." *Cf.* ***United States v. Ramirez***, 362 F.3d 521, 524 (8th Cir. 2004) (discussing the standard for "reviewing the sufficiency of the evidence"). Jones essentially disagrees with the jury's credibility determinations. Such determinations "are virtually unreviewable on appeal." ***United States v. Perez***, 663 F.3d 387, 391 (8th Cir. 2011).

As the district court noted, the jury might not have believed the government proved beyond a reasonable doubt that Jones knew the gun was loaded. *See* ***Ramirez***, 362 F.3d at 524 ("[W]e consider the evidence in the light most favorable to the verdict rendered and accept all reasonable inferences which tend to support the jury verdict."). The jury may have relied on Jones's confession, which did not mention the ammunition or that the gun was loaded. Because the record does not clearly demonstrate a compromise verdict, the district court did not clearly abuse its discretion in denying a new trial.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____